625 P.2d 904

**STATE of Arizona, Appellee,**

v.

**Marvin Timothy McELROY, Appellant.**

**No. 5097.**

Supreme Court of Arizona,
In Banc.

March 9, 1981.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Waldo W. Israel, Yuma, for appellant.

CAMERON, Justice.

Defendant was found guilty by the court sitting without a jury of the crime of attempted possession of dangerous drugs in violation of A.R.S. §§ 32–1996, 13–1001, 13–701, 13–801. The crime was treated as a misdemeanor, and defendant was placed on probation. We have jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

We must answer only one question on appeal: May the defendant be charged with attempted possession of dangerous drugs when it was impossible for him to complete the crime of possession of dangerous drugs because the drugs were not, in fact, dangerous?

The facts necessary for a determination of this matter on appeal are as follows. At approximately 1:00 a. m. on 8 December 1978, the Yuma County Sheriff's Office received a call to investigate the presence of two suspicious persons near a residence on Highway 95 in Yuma County, Arizona. The two persons told the officer who came to investigate that they were hitchhiking. The defendant asked a deputy sheriff for a ride into Yuma. The deputy agreed and, pursuant to standard procedure, patted the defendant down for weapons. During the

search, the deputy found a plastic bag in defendant's shirt. The deputy took the bag, looked at it, and found it contained white pills. The defendant stated that the pills were "speed" or amphetamines, and that he had purchased them earlier at a bar. Later the deputy found another plastic bag with more white pills in the back seat of the patrol vehicle after placing defendant in the back seat.

A field test showed positive for amphetamines, the defendant was advised of his *Miranda* rights, and defendant again stated that the pills were "speed." Later analysis by a chemist indicated that the pills were not amphetamines or dangerous drugs of any kind proscribed by statute.

Trial was held before the court without a jury. After the State's case, the defendant moved for a directed verdict which was denied. Defendant did not present any evidence at trial. The court found defendant guilty and defendant appealed.

The defendant was charged with "attempt" to possess dangerous drugs. Our statute reads:

"§ 13–1001. Attempt; classifications

"A. A person commits attempt if, acting with the kind of culpability otherwise required for commission of an offense, such person:

"1. Intentionally engages in conduct which would constitute an offense if the attendant circumstances were as such person believes them to be; * * * "

The courts are not in agreement as to when impossibility may be used as a defense to the crime of attempt. A distinction that has been made is whether the impossibility alleged is a legal impossibility or a factual impossibility. See Annot., Conspiracy, Attempt—Crime Impossible, 37 A.L.R.3d 375 (1971). Where the act, if completed, would still not be a criminal act, then it is said to be legally impossible to commit and is a valid defense to the charge of attempt. For example, in *Foster v. Commonwealth*, 96 Va. 306, 31 S.E. 503 (1898), the defendant was under 14 years of age and by law was conclusively presumed to be incapable of committing rape. The court

held that because of his age it was legally impossible for him to be convicted of rape, and he could not "as a plain legal deduction" be convicted of attempted rape. 96 Va. at 311, 31 S.E. at 505. Where the crime is impossible to complete because of some physical or factual condition unknown to the defendant, the impossibility is factual rather than legal. The courts have held that factual impossibility is not a valid defense. See Annot., supra. For example, the California Supreme Court has held that a person attempting to possess heroin, when in fact the substance was talcum powder, was nevertheless guilty of attempted possession of heroin. The court stated:

" 'If there is an apparent ability to commit the crime in the way attempted, the attempt is indictable, although, unknown to the person making the attempt, the crime cannot be committed, because the means employed are in fact unsuitable, or because of extrinsic facts, such as the nonexistence of some essential object, or an obstruction by the intended victim or by a third person.' 22 C.J.S. Criminal Law, § 77, p. 142." *People v. Siu*, 126 Cal.App.2d 41, 44, 271 P.2d 575, 576–77 (1954).

Our Court of Appeals has stated in upholding a conviction for attempt to receive stolen property where the property was not in fact stolen:

"We therefore hold that legal impossibility is not a bar to prosecution for an attempt to receive stolen property. The rationale for this conclusion is that but for factors unknown to appellant, he committed acts which would have been sufficient to complete the substantive crime and exhibited the requisite intent. (footnote omitted)" *State v. Vitale*, 23 Ariz. App. 37, 44, 530 P.2d 394, 401 (1975).

■ Although there are attempt cases allowing the defense of legal impossibility, *United States v. Oviedo*, 525 F.2d 881 (5th Cir. 1976); *United States v. Berrigan*, 482 F.2d 171 (3rd Cir. 1973), the United States Court of Military Appeals upheld a conviction of attempted rape of a woman who was dead at the time of defendant's acts,

refusing to adopt "an antiquated and discredited rule involving such nebulous distinctions as a factual and legal impossibility." *United States v. Thomas,* 13 U.S.C. M.A. 278, 32 C.M.R. 278 (1962), quoted in Annot., supra, 37 A.L.R.3d at 402. We believe, however, that our statute, A.R.S. § 13–1001, by the phrase "intentionally engages in conduct which would constitute an offense if the attendant circumstances were as such person believes them to be;" reflects the intent of the legislature that factual impossibility is not a defense to the crime of attempt.

There can be no doubt that the defendant could never have been convicted of possession of dangerous drugs. However, if the pills were what defendant thought them to be, he could have been convicted of possession of drugs. The defendant believed he had the ability to accomplish the crime of possession, and the fact that the pills were not dangerous drugs does not erase his attempt to possess. Mere intent alone does not amount to an "attempt," *People v. Siu,* supra, but intent plus conduct toward the commission of a crime may be an attempt. In the instant case, defendant's conduct indicated not only intent, but an attempt to complete the crime of possession. We find no error. *State v. Vitale,* supra.

Affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.