868 P.2d 347

**The STATE of Arizona, Appellant,**

v.

**Dawn Charmaine BEWS, Appellee.**

**No. 2 CA–CR 92–0203.**

Court of Appeals of Arizona,
Division 2, Department B.

July 15, 1993.

Review Denied Feb. 15, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Randall M. Howe, Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Phoenix, for appellee.

**OPINION**

ESPINOSA, Presiding Judge.

The state appeals from the trial court's dismissal without prejudice of the indictment charging appellee with unsworn falsification in violation of A.R.S. § 13–2704(A)(2). We agree that the court erred in dismissing the indictment and reverse.

In 1986 appellee was a witness to the killing of two men. Her boyfriend, Edward Chiles, was charged with second-degree murder, and appellee testified at his trial. Chiles was acquitted of killing one of the men and convicted of second-degree murder as to the second. A new trial was ordered because of juror misconduct, appellee again testified, and Chiles was convicted of manslaughter. A new trial was again ordered, this time because of the court's conclusion that the verdict was contrary to the weight of the evidence. The state appealed, and the new trial order was affirmed by Division One of this court in March 1989.

In July 1989, Chiles and appellee were indicted on drug charges, and in August 1989, appellee was indicted on theft and burglary charges. In December 1989, appellee

agreed to testify against Chiles at his drug trial in exchange for the dismissal of the drug charges against her. Based on the agreement, the state dismissed the drug charges against appellee. It also dismissed her theft and burglary charges in order to enhance her credibility. Chiles subsequently pled guilty in the drug case.

The agreement on the drug charges was reached between appellee, a Phoenix police detective, and a Maricopa County prosecutor while appellee was serving time in the Maricopa County Jail for prostitution. At the conclusion of the discussion, appellee stated that she had lied during Chiles's previous homicide trials and wanted to tell the truth at his third trial. She then gave a tape-recorded statement. During Chiles's third homicide trial in March 1990, appellee testified consistently with her testimony in the two previous trials. On cross-examination, Chiles's attorney asked her about the fact that she had given a different statement in December 1989. Appellee agreed that her testimony differed from her statement and told the attorney she had lied in her statement because she had been facing "a lot of time" in the penitentiary. Chiles was acquitted at his third trial.

Appellee was then indicted for her false statement to the detective and the prosecutor in the December 1989 pretrial interview. Appellee moved to dismiss, arguing that the facts alleged in the indictment do not constitute a criminal offense and that the unsworn falsification statute is unconstitutional. The trial court granted appellee's motion to dismiss, concluding without explanation that the statute was not applicable to the facts of this case. The court also ruled that the statute is constitutional.

A person commits unsworn falsification by knowingly:

1. Making any statement which he believes to be false, in regard to a material issue, to a public servant in connection with an application for any benefit, privilege or license.

2. Making any statement which he believes to be false in regard to a material issue to a public servant in connection with any official proceeding as defined in § 13-2801.

A.R.S. § 13-2704(A). An "official proceeding" is defined as "a proceeding heard before any legislative, judicial, administrative or other governmental agency or official authorized to hear evidence under oath." A.R.S. § 13-2801(2). There are no cases interpreting § 13-2704.

It is not disputed that appellee made a statement that she believed to be false. It is also not disputed that she made the statement to a public servant, as defined in A.R.S. § 13-105(30). Nor is it disputed that the statement was made in regard to a material issue. In her December 1989 pretrial interview, appellee told the detective and the prosecutor that Chiles had told one of the men he would shoot him and had aimed the gun at him as he said it. At his trial, she denied that Chiles had pointed a gun at anyone at the time he made the threat. The only issue before us, then, is whether statements in a pretrial interview are made "in connection with" an official proceeding.

Because the phrase "in connection with" is not defined in the statute and because there is no indication that it is to be given an unusual meaning, we refer to a widely respected dictionary for assistance. *State v. Wise*, 137 Ariz. 468, 671 P.2d 909 (1983). As the state observes, "connection" is defined as "a relationship or association in thought." *Webster's Third New International Dictionary* 481 (1971). Clearly, pretrial interviews conducted in preparation for and in anticipation of trial, an official proceeding under the definition of A.R.S. § 13-2801, bear a sufficient relationship to the trial itself to constitute having been performed "in connection with" the trial. Indeed, were it not for the prospect of a trial, there would be no reason to conduct pretrial interviews.

We find no merit to appellee's contention that the statements she made are not subject to prosecution because they were not made in the official proceeding itself. Appellee's interpretation of the statute renders meaningless the words "in connection with," contrary to the principles of statutory interpretation. *Kriz v. Buckeye Petroleum Co.*, 145 Ariz. 374, 701 P.2d 1182 (1985); *State Board*

of Technical Registration v. McDaniel, 84 Ariz. 223, 326 P.2d 348 (1958). Had the legislature intended to so limit the reach of the statute, it need only have said *in* rather than *in connection with* an official proceeding, the latter language clearly reflecting a broader scope.

Nor do we find merit to appellee's argument that the statute does not apply because neither the detective nor the prosecutor is authorized to take oaths. The official proceeding must be held by an entity or official authorized to hear evidence under oath. § 13–2801(2). That requirement is satisfied here; Chiles's trial was held in superior court, and the proceedings were conducted under oath. Appellee's statement, however, was made to a public servant, a requirement of the unsworn falsification statute itself. § 13–2704(A)(2). The statute does not require that the statement be made to a person authorized to take oaths.

Finally, we reject appellee's contention that the state's interpretation of the statute renders it overbroad and too vague to enforce. Because we have concluded that appellee engaged in some conduct that is proscribed by the statute, she has no standing to complain that it might be vague when applied to the conduct of others. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). The example appellee cites in support of her overbreadth argument fails to meet the statute's requirements either of materiality or connection with an official proceeding.

The order dismissing the case is reversed, and the case is remanded for further proceedings.

DRUKE, C.J., and HATHAWAY, J., concur.