SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| JEREMY MEJAK,<br><br>　　　　　　　　Petitioner,<br><br>　　　　　v.<br><br>THE HONORABLE WARREN J.<br>GRANVILLE, JUDGE OF THE SUPERIOR<br>COURT OF THE STATE OF ARIZONA,<br>in and for the County of<br>Maricopa,<br><br>　　　　　Respondent Judge,<br><br>STATE OF ARIZONA ex rel. ANDREW<br>THOMAS, Maricopa County Attorney,<br><br><br>　　　Real Party in Interest. | Arizona Supreme Court<br>No. CV-05-0299-PR<br><br>Court of Appeals<br>Division One<br>No. 1 CA-SA 05-0156<br><br>Maricopa County<br>Superior Court<br>No. CR 2003-026156-001 DT<br><br><br><br>**O P I N I O N** |

Petition for Review from Order of the Court of Appeals,
Division One

Order of the Superior Court in Maricopa County
The Honorable Warren J. Granville, Judge

**VACATED AND REMANDED**

_____

MICHAEL TERRIBILE, P.C.                                    Phoenix
　　　By　Michael Terribile
Attorney for Jeremy Mejak

ANDREW P. THOMAS, MARICOPA COUNTY ATTORNEY                 Phoenix
　　　By　Arthur G. Hazelton, Jr.
Attorneys for State of Arizona

_____

**R Y A N**, Justice

¶1        In Arizona, a person "offering or soliciting sexual conduct with another person knowing or having reason to know that the other person is a minor" can be charged with "luring a minor for sexual exploitation" ("luring") under Arizona Revised Statutes ("A.R.S.") section 13-3554(A) (Supp. 2003).  "It is not a defense to a prosecution . . . [for luring a minor if] the other person was a peace officer posing as a minor."  *Id*. § 13-3554(B).

¶2        This case requires us to decide whether luring is committed when the person solicited is an adult posing as a minor, but is not a peace officer.  We hold that under such circumstances, a person cannot be charged with luring.[1]

**I**

¶3        In April 2003, a local television news reporter, pretending to be a thirteen-year-old girl, engaged in Internet "chat room" discussions as part of an investigation into how the Internet can be used to lure minors for sexual contact.  The petitioner, Jeremy Mejak, chatted online with the reporter, believing her to be a thirteen-year-old girl; and arranged to

---

[1]    We note, however, that in such a situation, a person could be charged with attempted luring or attempted sexual conduct with a minor.  *See State v. Carlisle*, 198 Ariz. 203, 205, ¶ 1, 8 P.3d 391, 393 (App. 2000).

meet her for purposes of engaging in sexual conduct.[2] When Mejak arrived at the agreed-upon location, he was greeted by news cameras. The police were given videotapes of the confrontation and transcripts of the online conversations. A grand jury indicted Mejak for violating A.R.S. § 13-3554.

¶4 Mejak filed a motion to dismiss, arguing that the statute did not criminalize his conduct because there was no minor or peace officer lured, and therefore the indictment was insufficient as a matter of law. *See* Ariz. R. Crim. P. 16.6(b) & cmt. If a defendant can admit to all the allegations charged in the indictment and still not have committed a crime, then the indictment is insufficient as a matter of law. *See, e.g.*, *U.S. v. Sampson*, 371 U.S. 75, 76-79 (1962); *Lowe v. State*, 579 S.E.2d 728, 729-30 (Ga. 2003) (quoting *Dunbar v. State*, 432 S.E.2d 829, 831 (Ga. Ct. App. 1993)); *State v. Green*, 194 N.E. 182, 184 (Ind. 1935); *State v. Anderson*, 410 P.2d 230, 233 (Or. 1966); 42 C.J.S. *Indictments & Informations* § 180 (1991).

¶5 The superior court denied the motion, reasoning that the intent of the statute was "to criminalize the offer of sexual conduct with a person a Defendant believes to be a minor." Relying on *State v. Carlisle*, 198 Ariz. 203, 207, ¶ 17, 8 P.3d 391, 395 (App. 2000), the court also found that it is no

---

[2] For purposes of these proceedings, Mejak admits the facts as found by the grand jury.

- 3 -

defense that the person "lured" is not a minor.  Mejak then filed a petition for special action with the court of appeals, which declined jurisdiction without comment.

¶6     We granted Mejak's petition for review because it presents an issue of statewide importance and first impression. We have jurisdiction under Article 6, Section 5(3), of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

**II**

¶7     Determining whether the superior court erred in denying Mejak's motion to dismiss requires us to interpret A.R.S. § 13-3554.  Issues of statutory interpretation are purely legal issues, which we review de novo. *Dressler v. Morrison*, ____ Ariz. ____, ¶ 11, 130 P.3d 978, 980 (2006) (citing *State ex rel. Dep't of Econ. Sec. v. Hayden*, 210 Ariz. 522, 523, ¶ 7, 115 P.3d 116, 117 (2005)).

¶8     When interpreting a statute, we make every effort to give effect to the intent of the legislature. *State v. Lamar*, 210 Ariz. 571, 575, ¶ 16, 115 P.3d 611, 615 (2005) (quoting *Martin v. Martin*, 156 Ariz. 452, 457, 752 P.2d 1038, 1043 (1988)).  The best indicator of that intent is the statutory language. *State v. Getz*, 189 Ariz. 561, 563, 944 P.2d 503, 505 (1997).  When the language of the statute is clear and unambiguous, this Court need go no further to ascertain the legislative intent. *State ex rel. Romley v. Hauser*, 209 Ariz.

- 4 -

539, 541, ¶ 10, 105 P.3d 1158, 1160 (2005) (quoting *State v. Christian*, 205 Ariz. 64, 66, ¶ 6, 66 P.3d 1241, 1243 (2003)).

¶9        Also, in interpreting a statute, this Court must, to the extent possible, give effect to every provision in the statute. *See State v. Pitts*, 178 Ariz. 405, 407, 874 P.2d 962, 964 (1994). We must interpret the statute so that no provision is rendered meaningless, insignificant, or void. *State v. Superior Court for Maricopa County*, 113 Ariz. 248, 249, 550 P.2d 626, 627 (1976); *see also Ruiz v. Hull*, 191 Ariz. 441, 450, ¶ 35, 957 P.2d 984, 993 (1998).

¶10       With these principles in mind, we first turn to the language of A.R.S. § 13-3554 and then examine the parties' arguments regarding its interpretation.

**A**

¶11       Section 13-3554 states:

> A.    A person commits luring a minor for sexual exploitation by offering or soliciting sexual conduct with another person knowing or having reason to know that the other person is a minor.
>
> B.    It is not a defense to a prosecution for a violation of this section that the other person was a peace officer posing as a minor.
>
> C.    Luring a minor for sexual exploitation is a class 3 felony, and if the minor is under fifteen years of age it is punishable pursuant to § 13-604.01, subsection I.

We conclude that the language of the statute requires that the

person lured be a minor or a peace officer posing as a minor. A brief review of the three subsections of A.R.S. § 13-3554 supports this conclusion.

¶12      First, subsection (A) requires that the person charged with the crime of luring "know[] or hav[e] reason to know that the [person being lured] *is a minor*." A.R.S. § 13-3554(A) (emphasis added). The use of the phrase "is a minor" suggests that the crime cannot be committed without the luring of an actual minor. Second, subsection (B) prevents a defendant from escaping criminal responsibility if the person lured is "a peace officer posing as a minor." A.R.S. § 13-3554(B). Read in conjunction with subsection (A), this provision further supports the conclusion that unless the purported victim is a peace officer posing as a minor, the crime of luring requires that an actual minor be lured.

¶13      Third, subsection (C), the penalty provision of A.R.S. § 13-3554, states that "if *the minor* is under fifteen years of age" the crime is punishable under the provisions of A.R.S. § 13-604.01(I) (Supp. 2003),[3] a subsection of the sentencing

---

[3]      Section 13-604.01(I), provides that "a person . . . who stands convicted of . . . luring a minor for sexual exploitation pursuant to § 13-3554 is guilty of a class 3 felony and shall be sentenced to a presumptive term of imprisonment for ten years. The presumptive term may be increased or decreased by up to five years." *See Boynton v. Anderson*, 205 Ariz. 45, 47, 49, ¶¶ 6, 15, 66 P.3d 88, 90, 92 (App. 2003).

statute for Dangerous Crimes Against Children. (Emphasis added.) The use of the phrase "the minor" in subsection (C) signals the legislature's intention that, unless subsection (B) applies, the statute is violated only when an actual minor is lured. Thus, when § 13-3554 is considered as a whole, the language requires that the person lured be a minor, or a peace officer posing as a minor, before a person can be charged with luring a minor for sexual exploitation.

**B**

¶14    The State argues that Mejak can be charged under the plain language of A.R.S. § 13-3554 because he had "reason to know that the person was a minor." The State also contends that this crime is like a preparatory offense and all of the elements were completed during Mejak's online discussions with the person he believed to be a thirteen-year-old girl. Based on the language of the statute, we disagree with both propositions.

¶15    The State's first argument equates the "having reason to know" language in subsection (A) with "believing." Such an interpretation of the statute would require us to conclude that Mejak could be convicted of luring if he believed that a fact necessary for the commission of the crime indeed existed, when in reality it did not. Although a person may subjectively *believe*, as Mejak did, something that is not true, it is

entirely different to have *knowledge* or a reason to know a fact.[4]

We cannot agree with the State's position that a defendant may be held responsible for a completed offense, rather than a preparatory offense, when the facts required for the commission of the completed offense are not present, even though the defendant may believe so.

¶16 *State v. McElroy*, 128 Ariz. 315, 625 P.2d 904 (1981), so teaches. We stated there "that the defendant could never have been convicted of possession of dangerous drugs" when the material he possessed was not illegal, even though he believed it to be. *Id.* at 317, 625 P.2d at 906. Rather, the defendant could be charged only with attempted possession. *Id*. at 316-17, 628 P.2d at 905-06. Likewise, A.R.S. § 13-3554(A) does not support the interpretation the State urges; it requires that a defendant know or have reason to know the person being lured is a minor. Subsection (A) says nothing about what a defendant may

---

[4] In the context of this statute, the best example of a defendant "knowing" that the person lured is a minor is when the defendant solicits or offers sexual conduct to a person whom he personally knows is a minor. On the other hand, a defendant would "have reason to know" that the person being lured is a minor if all the attendant circumstances would make a reasonable person aware that the person lured is a minor. The inclusion of the "having reason to know" language prevents a defendant from claiming that he did not know that he was luring a minor when the surrounding circumstances would reasonably make him aware of that fact. Both situations require that an actual minor, or peace officer posing as a minor, is lured before the statute has been violated.

believe.

¶17      Moreover, if we concluded that subsection (A) permitted the State to pursue the charge against Mejak, subsection (B) would be superfluous – a result we must avoid. *See Ruiz*, 191 Ariz. at 450, ¶ 35, 957 P.2d at 993; *Pitts*, 178 Ariz. at 407, 874 P.2d at 964; *Superior Court for Maricopa County*, 113 Ariz. at 249, 550 P.2d at 627.  If the statute could be violated by luring any adult who poses as a minor, it would be unnecessary to except peace officers posing as minors.  The inclusion of subsection (B) necessarily suggests that the legislature realized that the crime of luring under subsection (A) could not be committed when the person lured was any adult posing as a child.  *See Champlin v. Sargeant*, 192 Ariz. 371, 374, ¶ 16, 965 P.2d 763, 766 (1998) (discussing the doctrine of *expressio unius est exclusio alterius* – the expression of one item implies the exclusion of others).  Therefore, to permit law enforcement to investigate Internet predation, the legislature found it necessary to include subsection (B).  When subsections (A) and (B) are read together, their language logically leads to the conclusion that Mejak could be charged under A.R.S. § 13-3554 only if the person he lured was a minor or a peace officer posing as a minor.

¶18      We also cannot agree with the State's second point that this crime is equivalent to a preparatory offense.  As the

name implies, a preparatory offense is committed in preparation for committing a completed crime. *See* A.R.S. §§ 13-1001 to -1006 (2001). In the context of A.R.S. § 13-3554, however, the crime is complete when a person offers or solicits sexual conduct with a minor or a peace officer posing as a minor. *Id.* § 13-3554(A), (B).

C

**¶19** Mejak asserts that he cannot be charged with luring because the reporter was not a minor, and therefore a factual impossibility exists. The State claims there is no such defense in Arizona. To support its position, the State cites *McElroy*, *Carlisle*, and *State v. Vitale*, 23 Ariz. App. 37, 530 P.2d 394 (1975). All of these cases, however, dealt with "attempt" charges rather than charges for completed crimes. *See McElroy*, 128 Ariz. at 316, 625 P.2d at 905 (stating that the defendant was charged with "'attempt' to possess dangerous drugs"); *Carlisle*, 198 Ariz. at 206, ¶ 8, 8 P.3d at 394 (stating that the defendant was indicted for "attempted sexual conduct with a minor under the age of fifteen"); *Vitale*, 23 Ariz. App. at 38, 530 P.2d at 395 (stating that the defendant was charged with "attempting to receive stolen property").

**¶20** An attempt is substantively different from a completed crime because an attempt to commit an offense does not require that all the elements be present for the commission of the

- 10 -

offense. Attempt requires only that the defendant intend to engage in illegal conduct and that he take a step to further that conduct. *See* A.R.S. § 13-1001; *State v. Harvill*, 106 Ariz. 386, 388, 476 P.2d 841, 843 (1970) (citing *State v. McCullough*, 94 Ariz. 209, 382 P.2d 682 (1963)). The ultimate crime need not be completed, or even possible, for a defendant to be criminally responsible for an attempt to commit a crime. *McElroy*, 128 Ariz. at 317, 625 P.2d at 906.

¶21 The State, however, charged Mejak not with attempt, but with the completed offense of luring. But a defendant cannot be held criminally responsible for a completed crime when it is impossible to commit the offense. *See id.; see also People v. Rizo*, 996 P.2d 27, 30 (Cal. 2000) (stating that a defendant cannot be charged with anything more than attempt if he possesses the "requisite criminal intent," but the facts are such that an element of the crime is lacking). The luring statute requires that an actual minor or a peace officer posing as a minor be lured. Because, the person Mejak lured was not a minor or peace officer posing as a minor, he could not violate the criminal statute under which he was indicted.

¶22 Accordingly, we conclude that the indictment is insufficient as a matter of law to charge Mejak with the crime of luring. Therefore, the trial court should have granted the motion to dismiss. Ariz. R. Crim. P. 16.6(b), (d); *cf. State v.*

*Schneider*, 135 Ariz. 387, 388-89, 661 P.2d 651, 652-53 (App. 1983) (observing that ordinarily a dismissal is without prejudice).

**III**

**¶23** For the above reasons, we vacate the order of the superior court denying Mejak's motion to dismiss, and remand to the superior court with instructions to dismiss the indictment.


_____
Michael D. Ryan, Justice

CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Rebecca White Berch, Vice Chief Justice


_____
Andrew D. Hurwitz, Justice


_____
W. Scott Bales, Justice