212 P.3d 887

**STATE of Arizona, Appellee,**

v.

**Gerald David CASTRONOVA, Appellant.**

**No. 1 CA–CR 07–0829.**

Court of Appeals of Arizona, Division 1, Department A.

May 14, 2009.

Terry Goddard, Arizona Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals Section/Capital Litigation Section

---

And Craig W. Soland, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Ballecer & Segal By Natalee E. Segal, Phoenix, Co–Counsel for Appellant.

Law Offices of Neal W. Bassett By Neal W. Bassett, Phoenix, Co–Counsel for Appellant.

## OPINION

ROBERT A. BUDOFF, Judge.*

¶ 1 We address in this opinion whether the imposition of a probation fee pursuant to Arizona Revised Statutes ("A.R.S.") section 13–901(A) (Supp.2007) entitles the superior court to assess a probation surcharge of $10 pursuant to A.R.S. § 12–114.01(A) (Supp. 2007). We determine that the surcharge was properly assessed. Accordingly, for the following reasons and those set forth in the simultaneously filed memorandum decision,[1] we affirm.

### I.

¶ 2 Gerald David Castronova ("Defendant") was tried and convicted of theft. The court entered judgment of conviction for theft, a class four felony; imposed a term of three years' supervised probation and a probation service fee of $50 per month; ordered restitution of $1971; and imposed a probation surcharge of $10. Defendant appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(1) (2003), 13–4031 (2001), and 13–4033(A)(1) (2001).

* NOTE: The Honorable Robert A. Budoff, Judge of the Maricopa County Superior Court, has been authorized to participate in the disposition of this appeal by the Chief Justice of the Arizona Supreme Court pursuant to Article 6, Section 3, of the Arizona Constitution and A.R.S. §§ 12–145 to –147 (2003).

1. Arizona Rule of Civil Appellate Procedure 28(g) provides as follows:

    Partial Publication of Decisions. When the court issuing a decision concludes that only a portion of that decision meets the criteria for publication as an opinion, the court shall issue that portion of the decision as a published opinion and shall issue the remainder of the

### II.

¶ 3 Defendant argues that the court erred by imposing a probation surcharge of $10 pursuant to A.R.S. § 12–114.01(A),[2] because the statute provides that the surcharge "shall be levied on every fine, penalty and forfeiture imposed and collected," and the record does not reflect that any fine, penalty, or forfeiture was imposed or collected. The State argues that probation is (1) a penalty because it punishes a wrongdoer and (2) a forfeiture because it involves the loss of a right, privilege, or property. The State further contends that criminal restitution is included within the phrase "fine, penalty and forfeiture imposed and collected."

¶ 4 We review purely legal issues of statutory construction *de novo.* *Mejak v. Granville,* 212 Ariz. 555, 556, ¶ 7, 136 P.3d 874, 875 (2006). In interpreting statutes, we make every effort to give effect to the intent of the legislature. *Mejak,* 212 Ariz. at 557, ¶ 8, 136 P.3d at 876. We consider the statutory language the best indicator of that intent, and we go no further to ascertain the intent if the language of the statute is clear and unambiguous. *Id.* We read statutes on the same subject together and in harmony whenever possible to avoid making any clause, sentence or word "superfluous, void, contradictory or insignificant." *State v. Johnson,* 171 Ariz. 39, 42, 827 P.2d 1134, 1137 (App.1992).

¶ 5 In construing A.R.S. § 12–114.01(A), we focus our attention narrowly. We need not consider whether probation itself, or restitution, qualifies under the statute. Instead, we examine whether the $50 per month probation service fee that was assessed in this case is a fine, penalty, or forfeiture "imposed and collected." A.R.S. § 12–114.01(A).[3] We

decision as a separate memorandum decision not intended for publication.

In this opinion we only address the issue regarding the probation surcharge. We address Defendant's remaining argument in a simultaneously filed memorandum decision.

2. The statute was amended in 2006, effective September 21, 2006, to raise the amount of the surcharge from $5 to $10.

3. The statute reads in pertinent part as follows:

    A. Except as provided in § 12–269, in addition to any other penalty assessment provided by law, a probation surcharge of ten dollars

need not determine whether the probation fee is a "fine" or "forfeiture." We need only determine whether it is a "penalty" that is "imposed and collected." *Id.* If it is, then A.R.S. § 12–114.01(A) applies, and the surcharge "shall be levied." *Id.*

¶ 6 The legislature has not provided us with a statutory definition of "penalty" with regard to the statute. In such circumstances, we may turn to authoritative dictionaries for clarification. *State v. Bews,* 177 Ariz. 334, 336, 868 P.2d 347, 349 (App.1993) (referring to a "widely respected dictionary for assistance" because the statutory term at issue was "not defined in the statute and ... there [was] no indication that it [was] to be given an unusual meaning"). The legislature has also provided that "[p]enal statutes shall be construed according to the fair import of their terms, with a view to effect their object and to promote justice." A.R.S. § 1–211(C) (2002). Further, "[w]ords and phrases shall be construed according to the common and approved use of the language." A.R.S. § 1–213 (2002). We also are required to give language a common-sense meaning. *State v. Curry,* 97 Ariz. 191, 194, 398 P.2d 899, 901 (1965) ("The words of the statute are to be given their ordinary meaning unless it appears from context or otherwise that a different sense was intended.").

¶ 7 With these principles in mind, we note that "penalty" is defined as "the suffering in person, rights, or property that is annexed by law or judicial decision to the commission of a crime or public offense." Merriam-Webster's Collegiate Dictionary 856 (10th ed.2001). It is more broadly defined as "a punishment imposed or incurred for a violation of law or rule" and as "something that is forfeited, as a sum of money." Dictionary. com, http://dictionary.reference.com/browse/penaltyqsrc=2888 (last visited Mar. 6, 2009). We accept these definitions for purposes of the issue before us.

¶ 8 The probation fee clearly falls within these definitions. It is an amount of money that is assessed against a defendant in consequence of a defendant's violation of law. The statute providing for probation, A.R.S. § 13–901(A) (Supp.2007), provides in the same paragraph that "[w]hen granting probation to an adult *the court, as a condition of probation, shall assess a monthly fee.*" (Emphasis added.) This fee "shall be paid to the clerk of the superior court and the clerk of the court shall pay all monies *collected from this fee* to the county treasurer for deposit in the adult probation services fund." *Id.* (emphasis added). The probation fee, whether mandatory or not, is a "punishment" that is "imposed and collected" as a consequence of the violation of law. The probation fee accordingly qualifies under A.R.S. § 12–114.01(A).

¶ 9 This analysis is consistent with the purpose of A.R.S. § 12–114.01(A). *See State v. Flores,* 160 Ariz. 235, 239, 772 P.2d 589, 593 (App.1989) ("In construing a statute, courts should give the statute a sensible construction which will accomplish legislative interest and purpose, and which will avoid absurd results."). The legislatively stated purpose for the surcharge fund is "to supplement monies currently used for the salaries of adult and juvenile probation and surveillance officers and for support of programs and services of the superior court adult and juvenile probation departments." A.R.S. § 12–114.01(B). Because the surcharge is imposed when a probation fee is assessed (and the resources of the probation department accordingly utilized), our construction is consistent with the statute's stated purpose.

¶ 10 A probation fee was assessed in this case. Accordingly, the surcharge was properly imposed.

### III.

¶ 11 For the foregoing reasons, and those in our memorandum decision of this date, we affirm.

---

shall be levied on every fine, penalty and forfeiture imposed and collected by the superior, justice and municipal courts for criminal offenses....
B. The monies collected pursuant to this section shall be deposited, pursuant to §§ 35–146 and 35–147, in the judicial collection enhance-

ment fund established by § 12–113 to be used to supplement monies currently used for the salaries of adult and juvenile probation and surveillance officers and for support of programs and services of the superior court adult and juvenile probation departments.
A.R.S. § 12–114.01(A), (B).

CONCURRING: MICHAEL J. BROWN, Presiding Judge, and DANIEL A. BARKER, Judge.