NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOHN JAMES LOPATA, *Appellant.*

No. 1 CA-CR 14-0432
FILED 8-6-2015

Appeal from the Superior Court in Maricopa County
No.  CR 2013-104810-001
The Honorable Christine E. Mulleneaux, Judge *Pro Tem*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Adele G. Ponce
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Colin F. Stearns
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Lawrence F. Winthrop joined.

D O W N I E, Judge:

¶1          John James Lopata appeals his conviction and sentence for attempt to commit theft of means of transportation.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

¶2          O.A. discovered Lopata in O.A.'s truck, attempting to start the vehicle with a key.  O.A.'s keys had gone missing several days earlier after he left them in his apartment door.  O.A. was worried that someone would steal his truck, so he had pulled the distributor cap wire to disable the vehicle.

¶3          When Lopata saw O.A., he exited the vehicle and took a bicycle from the truck's bed.  Lopata tried to ride away, but O.A. grabbed the handlebars and detained Lopata until police officers arrived.  Lopata told officers that he had found the keys in the parking lot and was trying to help the owner start the truck.

¶4          Lopata was charged with one count of attempt to commit theft of means of transportation, a class four felony.  After a jury trial, he was found guilty.  The superior court determined Lopata had five prior felony convictions and sentenced him to a presumptive term of 10 years' imprisonment.  Lopata timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

### DISCUSSION

¶5          Lopata contends his conviction should be vacated because the State "presented no evidence that [he] knew or should have known that the

[1]          "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant."  *State v. Nihiser*, 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App. 1997).

victim's truck was stolen." Sufficiency of the evidence is a question of law that we review *de novo*. *State v. West*, 226 Ariz. 559, 562, ¶ 15, 250 P.3d 1188, 1191 (2011).

**¶6** A.R.S. § 13-1814(A)(5) provides that a "person commits theft of means of transportation if, without lawful authority, the person knowingly . . . [c]ontrols another person's means of transportation knowing or having reason to know that the property is stolen."[2] To prove the charged offense of attempted theft of means of transportation, the State was required to prove that Lopata intentionally performed an act that was "any step in a course of conduct planned to culminate in commission" of theft of means of transportation. *See* A.R.S. § 13-1001(A)(2).

**¶7** Lopata argues that because O.A. acknowledged "his truck had not been stolen and that it had not been moved from the space where he had parked it last," the jury's verdict was improper. We disagree. "An attempt is substantively different from a completed crime because an attempt to commit an offense does not require that all the elements be present for the commission of the offense. Attempt requires only that the defendant intend to engage in illegal conduct and that he take a step to further that conduct." *Mejak v. Granville*, 212 Ariz. 555, 559, ¶ 20, 136 P.3d 874, 878 (2006). "The ultimate crime need not be completed, or even possible, for a defendant to be criminally responsible for an attempt to commit a crime." *Id.*

**¶8** The State presented substantial evidence that Lopata committed acts that were steps in a course of conduct intended to culminate in the truck's theft. O.A. testified he did not know Lopata and did not give him the truck's keys or permission to use the vehicle. He further testified that after he discovered Lopata trying to start the truck, Lopata attempted to flee on a bicycle he pulled from the truck's bed. Lopata told officers he was attempting to assist the truck's owner — a claim O.A. refuted at trial. Under these circumstances, sufficient evidence supports the conviction for attempt to commit theft of means of transportation.

---

[2] The jury was instructed solely on the elements of theft of means of transportation under A.R.S. § 13-1814(A)(5) — the only subsection that contains the knowledge element on which Lopata's argument is based.

## CONCLUSION

**¶9**     For the foregoing reasons, we affirm Lopata's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: RT