IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DALE ALLEN WRIGHT,
*Petitioner*

*v.*

THE HONORABLE PAMELA GATES,
Judge of the SUPERIOR COURT OF THE STATE OF ARIZONA,
in and for the County of MARICOPA,
*Respondent Judge,*

STATE OF ARIZONA,
*Real Party in Interest.*

No. 1 CA-SA 16-0058
FILED 9-27-2016

Petition for Special Action from the Superior Court in Maricopa County
No.  CR 1992-003917
The Honorable Pamela S. Gates, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Maricopa County Legal Advocate's Office, Phoenix
By Frances J. Gray
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Christine A. Davis, David R. Cole
*Counsel for Real Party in Interest*

**OPINION**

Judge Patricia A. Orozco delivered the opinion of the Court, in which Judge Kenton D. Jones joined and to which Presiding Judge Diane M. Johnsen dissented.

**O R O Z C O,** Judge:

**¶1**        Dale Allen Wright seeks special action relief from a trial court order finding that his convictions were properly classified as dangerous crimes against children (DCAC) and that a conviction for solicitation to commit molestation of a child does not require the existence of an actual child victim.  For the following reasons, we accept jurisdiction, but deny relief.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        In April 1992, Wright was charged with several counts of solicitation to commit molestation of a child, as DCAC, after soliciting a postal inspector to allow him to engage in sexual conduct with her two fictitious children, represented as under thirteen.  He pled guilty to two counts of solicitation to commit molestation of a child, both class three felonies and DCAC, and was sentenced to lifetime probation on each count.  In August 2002, Wright's probation was revoked as to one of the counts and Wright was sentenced to ten years' imprisonment.  Upon release from prison in 2008, Wright's lifetime probation on the second count was reinstated.

**¶3**        Wright was arraigned on a petition to revoke probation in September 2014.  Wright moved to dismiss the DCAC designation and requested a delayed Rule 32 petition.  Without deciding the merits, the trial court denied the request, finding that such relief could be achieved by "withdraw[ing] from the plea agreement for manifest injustice."

**¶4**        In July 2015, Wright was again arraigned on a petition to revoke his probation.  Wright renewed his request that the court "strike the DCAC designation" and modify his sentence accordingly.  The court again declined to hear Wright's motion on the merits, because "a probation violation [proceeding] is [not] the appropriate vehicle" for the requested relief. Wright then filed a petition for special action in this court, requesting a remand for "consideration of the substantive issues."  This court accepted

jurisdiction and granted relief, directing the trial court to "address the merits of Wright's motion by treating it as a motion for modification of probation under Rule 27.3 of the Arizona Rules of Criminal Procedure."

¶5　　　　On remand, the trial court heard oral argument on Wright's motion to strike the DCAC designation. After taking the matter under advisement, the trial court denied Wright's motion, finding that the crimes were properly designated as DCAC. This special action followed. We subsequently requested additional briefing, which we also consider.

## SPECIAL ACTION JURISDICTION

¶6　　　　Special action jurisdiction is appropriate because Wright does not have an equally plain, speedy, and adequate remedy by appeal, and this is an issue of first impression and statewide importance. *See* Ariz. R.P. Spec. Act. 1(a), 8(a); *Vo v. Super. Ct. In and For Cty. of Maricopa*, 172 Ariz. 195, 198, (App. 1992). Therefore, we accept jurisdiction.

## DISCUSSION

### I.　　Solicitation as a DCAC Offense

¶7　　　　Wright argues that the legislature did not intend solicitation to be classified as DCAC based on general rules of statutory interpretation and the applicable statutory scheme.

¶8　　　　We review a trial court's construction of a statute de novo, "looking first to the provision's plain language and considering the common meaning of any undefined terms." *State v. Decker*, 239 Ariz. 29, 32, ¶ 14 (App. 2016). When statutes relate to the same subject matter, we construe them together and attempt to reconcile them to give effect to all provisions involved. *Bell v. Indus. Comm'n*, 236 Ariz. 478, 480, ¶ 7 (2015). We apply the terms of a statute "without resorting to other tools of statutory interpretation, unless doing so leads to impossible or absurd results." *Orca Comm'ns Ultd., LLC v. Noder*, 236 Ariz. 180, 182, ¶ 9 (2014). When there is only one reasonable interpretation, it is applied without further analysis. *Backus v. State*, 220 Ariz. 101, 104, ¶ 11 (2009).

¶9　　　　In 1992, Arizona Revised Statutes (A.R.S.) section 13-604.01 included a list of specific crimes defined as DCAC offenses when "committed against a minor under fifteen years of age." A.R.S. § 13-604.01.K.1 (1992). Presumably, the goal of the legislature in designating certain crimes as DCAC was to protect children and provide more severe punishments for crimes against them. *See State v. Wagstaff*, 164

Ariz. 485, 490-91 (1990). A DCAC offense could be either completed or preparatory, and included "molestation of a child" as one of the specific crimes delineated as a DCAC offense. A.R.S. § 13-604.01.K.1.d. Solicitation is a preparatory offense. A.R.S. § 13-1002 (West 2016).[1]

¶10 According to A.R.S. § 13-604.01.K.1, a DCAC offense "is in the first degree if it is a completed offense and is in the second degree if it is a preparatory offense." Wright argues that only crimes specifically identified in the statute are DCAC. He argues that because A.R.S. § 13-604.01.K.1 did not specifically include solicitation, it was not a DCAC offense. Wright further argues that "subsection (K) is specific: it does not define a second degree DCAC offense as *any* preparatory offense or *all* preparatory offenses. The definition simply says *a* preparatory offense, thereby distinguishing between complete and incomplete offenses listed in subsection (a) – (m)."

¶11 Wright's interpretation of A.R.S. § 13-604.01 is inconsistent with the statute's plain meaning and interpretation. As defined by A.R.S. title 13, chapter 10, none of the crimes specifically identified in A.R.S. § 13-604.01 are preparatory offenses. If we accept Wright's interpretation, the sections of the statute that reference preparatory offenses would be meaningless. *Compare* A.R.S. § 13-604.01.K.1, *with* A.R.S. §§ 13-1001 to -1004 (defining the preparatory crimes of attempt, solicitation, conspiracy and facilitation).

¶12 Although solicitation is not an enumerated DCAC offense, in reading A.R.S. § 13-604.01 in its entirety, the only explanation for the legislature's inclusion of the language regarding preparatory offenses is that it intended any offense in preparation of any DCAC offense, as defined by the statute, to also qualify as a DCAC offense. Simply put, any preparatory conduct in furtherance of the crimes identified as DCAC pursuant to A.R.S. § 13-604.01.K constitutes a DCAC offense; it is the illegal nature of the conduct solicited that gives rise to the DCAC designation. *See, e.g.*, *State v. Peek*, 219 Ariz. 182, ¶¶ 7, 19 (2008) (finding that the reference in § 13-604.01 to preparatory crimes is "clear language subjecting attempt offenses" to its provisions, including designation and sentencing as DCAC).

---

[1] Absent a material change relevant to our opinion, we cite to the most recent version of a statute.

## II. Solicitation Does Not Require an Actual Victim

¶13 Wright also argues that the trial court erred because "the legislature intended DCAC penalties to apply only to crimes involving actual minors."

¶14 Pursuant to A.R.S. § 13-1002, a person is guilty of solicitation when he intends to "promote or facilitate the commission of a felony" by "command[ing], encourag[ing], request[ing] or solicit[ing]" another to engage in illegal conduct. A.R.S. § 13-1002.A. Solicitation does not require any agreement by the solicited child to engage in such conduct. The crime is complete "when the solicitor, acting with the requisite intent, makes the command or request." *State v. Miller*, 234 Ariz. 31, 41, ¶ 32 (2013) (first quoting *State v. Johnson*, 131 Ariz. 299, 302 n. 1 (1982) and then quoting W. LaFave & A. Scott, Handbook on Criminal Law (1972)). The crime of solicitation is a "crime separate from the crime solicited." *State v. Flores*, 218 Ariz. 407, 410, ¶ 7 (App. 2008). Legal incapability of "committing the offense that is the object of the solicitation" is not a defense to solicitation. A.R.S. § 13-1006.B; *see also State v. Carlisle*, 198 Ariz. 203, 207, ¶ 17 (App. 2000) ("The absence of an actual victim under the age of fifteen does not preclude an attempted crime from being a dangerous crime against children."); *State v. McElroy*, 128 Ariz. 315, 317 (1981) (holding that factual impossibility is not a defense to an attempt crime).

¶15 Wright solicited a postal inspector "posing as the parent of two children whom she offered to make available for sex acts." The act of solicitation was complete when Wright requested the postal worker allow him to engage in sexual conduct with those children. A preparatory offense is one committed "in preparation for committing a completed crime." *Mejak v. Granville*, 212 Ariz. 555, 558, ¶ 18 (2006). The trial court properly determined that the conduct solicited, the sexual molestation of a child, was a DCAC offense and sentenced Wright accordingly. Therefore, the trial court did not err in denying Wright's motion for modification of probation.

## III. The Model Penal Code is Irrelevant

¶16 The dissent contends that because the legislature did not include the Model Penal Code's additional language that solicitation includes "an attempt to commit such crime," that the legislature intended that "the object of a solicitation must be conduct for which one actually could be convicted." *Supra* ¶ 25. The difference in wording has no bearing on cases involving solicitation. The crime is completed when the solicitor makes the request. *State v. Miller*, 234 Ariz. at 41, ¶ 32.

¶17 Solicitation is a preparatory offense (A.R.S. § 13-1002) and preparatory offenses are included in the DCAC statute. Therefore, so long as the preparatory conduct is in furtherance of one of the crimes identified as a DCAC pursuant to A.R.S. § 13-604.01.K, in this case child molestation, a defendant is guilty of solicitation also a DCAC. As previously stated, it is the illegal nature of the conduct solicited that gives rise to the DCAC designation.

## CONCLUSION

¶18 For the foregoing reasons, we accept jurisdiction but deny relief.

**J O H N S E N,** Judge, dissenting:

¶19 Wright pled guilty 24 years ago to two counts of solicitation to commit child molestation, stipulating that his offenses were dangerous crimes against children pursuant to Arizona Revised Statutes ("A.R.S.") section 13-604.01 (1992). That statute provided, *inter alia*, that "molestation of a child" is a "[d]angerous crime against children" when committed "against a minor under fifteen years of age." A.R.S. § 13-604.01(K)(1)(d). Wright was sentenced pursuant to § 13-604.01(K)(1), under which "[a] dangerous crime against children . . . is in the second degree if it is a preparatory offense." At every step of the way, Wright's pleas to solicitation to commit child molestation have been treated as "second degree" dangerous crimes against children because the statute defining "solicitation" appears in chapter 10 of our criminal code, titled "Preparatory offenses." Wright served the prison sentence imposed on one of the two convictions, and now seeks relief from the lifetime probation imposed on the other.

¶20 I respectfully dissent from the denial of relief to Wright because I am compelled to conclude that, under the language of the Arizona statute defining solicitation, one cannot be convicted of soliciting another to commit molestation of a child in the absence of an actual child. I agree that a valid conviction of solicitation to commit child molestation may constitute a dangerous crime against children. More broadly, I agree that solicitation to commit any crime that constitutes a dangerous crime against children may itself be a (second-degree) dangerous crime against children. But that is not what we have here. Because our record contains insufficient evidence to support a conviction for solicitation to commit child molestation in the first place, Wright is entitled to relief.

¶21 Under A.R.S. § 13-1002(A) (2016), someone other than a peace officer "commits solicitation if, with the intent to promote or facilitate the commission of a felony or misdemeanor, such person commands, encourages, requests or solicits another person to engage in specific conduct which would constitute the felony or misdemeanor or which would establish the other's complicity in its commission." Wright was convicted of solicitation to commit child molestation under A.R.S. § 13-1410 (2016), which is committed by "intentionally or knowingly engaging in or causing a person to engage in sexual contact . . . with a child who is under fifteen years of age." Thus, the charges to which Wright pled required proof that he solicited another "*to engage in specific conduct which would constitute the felony*" of child molestation, meaning, sexual contact with a child under fifteen. A.R.S. §§ 13-1002(A) (emphasis added), -1410.

¶22 But the conduct that Wright solicited the postal inspector to commit would not have constituted child molestation. As the State acknowledges, under § 13-1410, the crime of child molestation requires sexual conduct "with an actual child." The "children" that Wright spoke about with the postal inspector were not real, but made-up. Thus, when Wright "command[ed], . . . request[ed] or solicit[ed]" the postal inspector to engage in sexual contact with the fictitious "children," the sexual contact they discussed would not have "constituted the felony" of child molestation pursuant to § 13-1002(A) because no actual child was involved.

¶23 In urging this court to deny relief, the State overlooks the distinction between the crime of attempt, pursuant to A.R.S. § 13-1001 (2016), and the crime of solicitation, pursuant to § 13-1002(A). A person is guilty of attempt if, acting with the requisite intent, the person "intentionally engages in conduct which would constitute an offense if the attendant circumstances were as such person believes them to be." A.R.S. § 13-1001(A)(1). Thus, a person who intends to molest someone he mistakenly believes is a child may be guilty of *attempted* child molestation. And the crime that person commits may be a second-degree dangerous crime against children pursuant to § 13-604.01(K). *See State v. Carlisle*, 198 Ariz. 203, 207, ¶ 17 (App. 2000) ("The absence of an actual victim under the age of fifteen does not preclude an attempted crime from being a dangerous crime against children.").

¶24 Contrary to the State's contention, however, we may not sweep all "preparatory crimes" with the same broad brush. Attempt and solicitation are two separate crimes, with distinct elements. *Carlisle* did not address solicitation, which, by contrast to attempt, does not permit a conviction when the defendant solicits conduct that he mistakenly believes

7

would constitute a crime. The State argues that solicitation is a preparatory crime that can constitute a second-degree dangerous crime against children, pursuant to § 13-604.01(K). That is true, but only so long as a defendant has committed solicitation. Arizona's solicitation statute requires the defendant to solicit conduct that would actually constitute a crime; it does not allow a conviction for soliciting conduct that the defendant incorrectly believes would constitute a crime. To say simply that a solicitation is complete upon the solicitor's request is to disregard the other elements of the crime of solicitation, which require solicitation of conduct that actually would constitute another crime.

¶25        The history of § 13-1002 eliminates any doubt that the legislature meant to require that the object of a solicitation must be conduct for which one actually could be convicted. The legislature enacted Arizona's solicitation statute in 1977 as part of a broad overhaul of the state's criminal code. By and large, the legislature based its comprehensive revisions on the Model Penal Code. Rudolph J. Gerber, State Bar of Arizona, *Criminal Law of Arizona*, at vi (1978). In crafting the language of our solicitation statute, however, the legislature significantly departed from the language of the Model Code. The relevant section of the Model Code defined solicitation as follows:

> A person is guilty of solicitation to commit a crime if with the purpose of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime *or an attempt to commit such crime* or which would establish his complicity in its commission *or attempted commission*.

Model Penal Code § 5.02 (Am. Law Inst. 1962) (emphasis added).[2]

---

[2]        With regard to solicitation to perform an act that would not constitute a crime, the commentary to the Model Code explains:

> It ordinarily should not be necessary to charge an actor with soliciting another to attempt to commit a crime, since a rational solicitation would never seek an unsuccessful effort but always the completed crime; the charge, therefore, should be one of solicitation to commit the completed crime. But in some cases the actor may solicit conduct which he and the party solicited believe to be the completed crime, but which,

**¶26** With only minor stylistic changes, Arizona's solicitation statute is identical to the Model Code section -- except with respect to the Model Code's provision that one may be convicted of soliciting another to commit an "attempted" offense. While the Model Code expressly allows a conviction for soliciting conduct that would constitute an *attempted* crime, our legislature chose to omit that language when it enacted Arizona's version of the offense. Our statute allows a conviction for soliciting another "to engage in specific conduct which would constitute the felony or misdemeanor," but does not include the Model Code's additional language that would make it a crime to solicit another to engage in conduct that would constitute "an attempt to commit such crime." Given how closely our legislature otherwise chose to follow the Model Code's definition of "solicitation," its decision to omit the Model Code's reference to an "attempt to commit such crime" must have been a deliberate choice to which we must give meaning. This is particularly true, given that the distinction between a solicitation and an attempt has long been known. *See State v. Mandel*, 78 Ariz. 226, 228 (1954) ("The general rule is that solicitation alone or mere preparation is not sufficient to sustain a conviction for an attempt to commit a crime.").[3]

**¶27** In sum, although I agree that solicitation to commit child molestation may constitute a dangerous crime against children, I dissent

> for the kind of reasons discussed in connection with legal impossibility, does not in fact constitute the crime. Such conduct will constitute an attempt, and under the present section the actor will be liable for soliciting conduct which constitutes an attempt.

§ 5.02 cmt. 3(a) (Am. Law. Inst. 1962).

[3] I do not believe that the majority's reference to A.R.S. § 13-1006(B) (2016) bears on this analysis. That statute states, "It is not a defense to a prosecution for solicitation or conspiracy that the defendant is, by definition of the offense, legally incapable in an individual capacity of committing the offense that is the object of the solicitation or conspiracy." As the title of the statute makes clear ("Effect of immunity, irresponsibility or incapacity of a party to solicitation, conspiracy or facilitation"), under this rule, one may be convicted for soliciting a crime or participating in a conspiracy to commit a crime even though, because of immunity, irresponsibility or incapacity, one could not perform the crime himself. *See, e.g., State v. Barragan-Sierra*, 219 Ariz. 276, 282, ¶ 18 (App. 2008) (defendant prosecuted for conspiring with others to smuggle himself into country).

from the court's decision to deny relief to Wright. Based on the facts in our record, because the "children" who were the object of Wright's discussions with the postal inspector were not real children, his guilty pleas to the two counts of solicitation to commit child molestation lacked sufficient factual bases. Accordingly, my view is that his remaining lifetime term of probation must be vacated. *Cf. State v. Dean*, 226 Ariz. 47, 52, ¶ 17 (App. 2010) ("precedent suggests that a court must modify the period of probation if . . . the period is found to be illegal or unauthorized by statute"); *Jackson v. Schneider ex rel. County of Maricopa*, 207 Ariz. 325, 383-84, ¶ 10 (App. 2004) ("fundamental error to prescribe a probationary term that exceeds the period permitted by statute").



AMY M. WOOD • Clerk of the Court
FILED:  AA