OPINION
OROZCO, Judge:
¶ 1 Dale Allen Wright seeks special action relief from a trial court order finding that his convictions were properly classified as dangerous crimes against children (DCAC) and that a conviction for solicitation to commit molestation of a child does not require the existence of an actual child victim. For the following reasons, we accept jurisdiction, but deny relief.
FACTS AND PROCEDURAL HISTORY
¶ 2 In April 1992, Wright was charged with several counts of solicitation to commit molestation of a child, as DCAC, after soliciting a postal inspector to allow him to engage in sexual conduct with her two fictitious children, represented as under thirteen. He pled guilty to two counts of solicitation to commit molestation of a child, both class three felonies and DCAC, and was sentenced to lifetime probation on each count. In August 2002, Wright’s probation was revoked as to one of the counts and Wright was sentenced to ten years’ imprisonment. Upon release from prison in 2008, Wright’s lifetime probation on the second count was reinstated.
¶ 3 Wright was arraigned on a petition to revoke probation in September 2014. Wright moved to dismiss the DCAC designation and requested a delayed Rule 32 petition. Without deciding the merits, the trial court denied the request, finding that such relief could be achieved by “withdraw[ing] from the plea agreement for manifest injustice.”
¶ 4 In July 2015, Wright was again arraigned on a petition to revoke his probation. Wright renewed his request that the court “strike the DCAC designation” and modify his sentence accordingly. The court again declined to hear Wright’s motion on the merits, because “a probation violation [proceeding] is [not] the appropriate vehicle” for the requested relief. Wright then filed a petition for special action in this court, requesting a remand for “consideration of the substantive issues.” This court accepted jurisdiction and granted relief, directing the trial court to “address the merits of Wright’s motion by treating it as a motion for modification of probation under Rule 27.3 of the Arizona Rules of Criminal Procedure.”
¶ 5 On remand, the trial court heard oral argument on Wright’s motion to strike the DCAC designation. After taking the matter under advisement, the trial court denied Wright’s motion, finding that the crimes were properly designated as DCAC. This special action followed. We subsequently requested additional briefing, which we also consider.
SPECIAL ACTION JURISDICTION
¶ 6 Special action jurisdiction is appropriate because Wright does not have an equally plain, speedy, and adequate remedy by appeal, and this is an issue of first impression and statewide importance. See Ariz. R.P. Spec. Act. 1(a), 8(a); Vo v. Super. Ct. In and *527 For Cty. of Maricopa, 172 Ariz. 195, 198, 836 P.2d 408 (App. 1992). Therefore, we accept jurisdiction.
DISCUSSION
I. Solicitation as a DCAC Offense
¶ 7 Wright argues that the legislature did not intend solicitation to be classified as DCAC based on general rules of statutory interpretation and the applicable statutory scheme.
¶ 8 We review a trial court’s construction of a statute de novo, “looking first to the provision’s plain language and considering the common meaning of any undefined terms.” State v. Decker, 239 Ariz. 29, 32, ¶ 14, 365 P.3d 954 (App. 2016). When statutes relate to the same subject matter, we construe them together and attempt to reconcile them to give effect to all provisions involved. Bell v. Indus. Comm’n, 236 Ariz. 478, 480, ¶ 7, 341 P.3d 1149 (2015). We apply the terms of a statute “without resorting to other tools of statutory interpretation, unless doing so leads to impossible or absurd results.” Orca Comm’ns Ultd., LLC v. Noder, 236 Ariz. 180, 182, ¶ 9, 337 P.3d 545 (2014). When there is only one reasonable interpretation, it is applied without further analysis. Backus v. State, 220 Ariz. 101, 104, ¶ 11, 203 P.3d 499 (2009).
¶ 9 In 1992, Arizona Revised Statutes (A.R.S.) section 13-604.01 included a list of specific crimes defined as DCAC offenses when “committed against a minor under fifteen years of age.” A.R.S. § 13-604.01.K.1 (1992). Presumably, the goal of the legislature in designating certain crimes as DCAC was to protect children and provide more severe punishments for crimes against them. See State v. Wagstaff, 164 Ariz. 485, 490-91, 794 P.2d 118 (1990). A DCAC offense could be either completed or preparatory, and included “molestation of a child” as one of the specific crimes delineated as a DCAC offense. A.R.S. § 13-604.01.K.1.d. Solicitation is a preparatory offense. A.R.S. § 13-1002 (West 2016).[1]
¶ 10 According to A.R.S. § 13-604.01.K.1, a DCAC offense “is in the first degree if it is a completed offense and is in the second degree if it is a preparatory offense.” Wright argues that only crimes specifically identified in the statute are DCAC. He argues that because A.R.S. § 13-604.01.-K.l did not specifically include solicitation, it was not a DCAC offense. Wright further argues that “subsection (K) is specific: it does not define a second degree DCAC offense as any preparatory offense or all preparatory offenses. The definition simply says a preparatory offense, thereby distinguishing between complete and incomplete offenses listed in subsection (a)-(m).”
¶ 11 Wright’s interpretation of A.R.S. § 13-604.01 is inconsistent with the statute’s plain meaning and interpretation. As defined by A.R.S. title 13, chapter 10, none of the crimes specifically identified in A.R.S. § 13-604.01 are preparatory offenses. If we accept Wright’s interpretation, the sections of the statute that reference preparatory offenses would be meaningless. Compare A.R.S. § 13-604.01.K.1, with A.R.S. §§ 13-1001 to -1004 (defining the preparatory crimes of attempt, solicitation, conspiracy and facilitation).
¶ 12 Although solicitation is not an enumerated DCAC offense, in reading A.R.S. § 13-604.01 in its entirety, the only explanation for the legislature’s inclusion of the language regarding preparatory offenses is that it intended any offense in preparation of any DCAC offense, as defined by the statute, to also qualify as a DCAC offense. Simply put, any preparatory conduct in furtherance of the crimes identified as DCAC pursuant to A.R.S. § 13-604.01.K constitutes a DCAC offense; it is the illegal nature of the conduct solicited that gives rise to the DCAC designation. See, e.g., State v. Peek, 219 Ariz. 182, ¶¶ 7, 19, 195 P.3d 641 (2008) (finding that the reference in § 13-604.01 to preparatory crimes is “clear language subjecting attempt offenses” to its provisions, including designation and sentencing as DCAC).
*528 II. Solicitation Does Not Require an Actual Victim
¶ 13 Wright also argues that the trial court erred because “the legislature intended DCAC penalties to apply only to crimes involving actual minors.”
¶ 14 Pursuant to A.R.S. § 13-1002, a person is guilty of solicitation when he intends to “promote or facilitate the commission of a felony” by “command[ing], encour-ag[ing], request[ing] or soliciting]” another to engage in illegal conduct. A.R.S. § 13-1002.A. Solicitation does not require any agreement by the solicited child to engage in such conduct. The crime is complete “when the solicitor, acting with the requisite intent, makes the command or request.” State v. Miller, 234 Ariz. 31, 41, ¶ 32, 316 P.3d 1219 (2013) (first quoting State v. Johnson, 131 Ariz. 299, 302 n. 1, 640 P.2d 861 (1982) and then quoting W. LaFave & A. Scott, Handbook on Criminal Law (1972)). The crime of solicitation is a “crime separate from the crime solicited.” State v. Flores, 218 Ariz. 407, 410, ¶ 7, 188 P.3d 706 (App. 2008). Legal incapability of “committing the offense that is the object of the solicitation” is not a defense to solicitation. A.R.S. § 13-1006.B; see also State v. Carlisle, 198 Ariz. 203, 207, ¶ 17, 8 P.3d 391 (App. 2000) (“The absence of an actual victim under the age of fifteen does not preclude an attempted crime from being a dangerous crime against children.”); State v. McElroy, 128 Ariz. 315, 317, 625 P.2d 904 (1981) (holding that factual impossibility is not a defense to an attempt crime).
¶ 15 Wright solicited a postal inspector “posing as the parent of two children whom she offered to make available for sex acts.” The act of solicitation was complete when Wright requested the postal worker allow him to engage in sexual conduct with those children, A preparatory offense is one committed “in preparation for committing a completed crime.” Mejak v. Granville, 212 Ariz. 555, 558, ¶ 18, 136 P.3d 874 (2006). The trial court properly determined that the conduct solicited, the sexual molestation of a child, was a DCAC offense and sentenced Wright accordingly. Therefore, the trial court did not err in denying Wright’s motion for modification of probation.
III. The Model Penal Code is Irrelevant
¶ 16 The dissent contends that because the legislature did not include the Model Penal Code’s additional language that solicitation includes “an attempt to commit such crime,” that the legislature intended that “the object of a solicitation must be conduct for which one actually could be convicted.” Infra ¶ 25. The difference in wording has no bearing on cases involving solicitation. The crime is completed when the solicitor makes the request. State v. Miller, 234 Ariz. at 41, ¶ 32, 316 P.3d 1219.
¶ 17 Solicitation is a preparatory offense (AR.S. § 13-1002) and preparatory offenses are included in the DCAC statute. Therefore, so long as the preparatory conduct is in furtherance of one of the crimes identified as a DCAC pursuant to AR.S. § 13-604.01.K, in this case child molestation, a defendant is guilty of solicitation also a DCAC. A previously stated, it is the illegal nature of the conduct solicited that gives rise to the DCAC designation.
CONCLUSION
¶ 18 For the foregoing reasons, we accept jurisdiction but deny relief.

. Absent a material change relevant to our opinion, we cite to the most recent version of a statute.