NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

AMILE JONES, JR., *Appellant.*

No. 1 CA-CR 16-0353
FILED 3-14-2017

Appeal from the Superior Court in Maricopa County
No. CR 1992-010142-001
The Honorable Charles Donofrio, III, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By David A. Simpson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird, Tennie B. Martin
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

---

D O W N I E, Judge:

¶1        Amile Jones, Jr., appeals from an order reinstating him to lifetime probation after a probation violation, arguing his attempted child-abuse conviction is not a dangerous crime against children ("DCAC"), so lifetime probation is unavailable.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        Jones pleaded guilty in 1994 to one count of second-degree murder and one count of attempted child abuse stemming from the 1992 death of a 23-month-old child.  The superior court sentenced Jones to 21 years in prison for the murder and suspended sentence and imposed lifetime probation for the attempted child-abuse conviction.

¶3        Jones was released from prison in November 2013 and began serving lifetime probation.  In February 2016, his probation officer filed a revocation petition based on several alleged probation violations.[1]  After an evidentiary hearing, the superior court adjudicated Jones in violation of probation.

¶4        Although Jones did not contest the lifetime-probation term at the time of his 1994 sentencing,[2] he did so during the 2016 probation-violation proceedings, arguing the attempted child-abuse conviction was not a DCAC, and lifetime probation was thus unavailable.

¶5        The superior court ruled that Jones's challenge was untimely and also concluded the DCAC designation was proper.  The court reinstated Jones to lifetime probation.  Jones timely appealed.  We have

---

[1]        There were earlier probation revocation proceedings, but they are not at issue in this appeal.

[2]        On the contrary, the plea agreement Jones signed stated: "Defendant shall be sentenced to prison on Count 1 [second degree murder] and lifetime probation on Count II [attempted child abuse]."

jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") section 13-4033(A).

## DISCUSSION

**¶6** Jones contends the court erroneously deemed his challenge to lifetime probation untimely and also erred by refusing to strike the DCAC designation. We address only the second argument because, as the State concedes, Arizona Supreme Court precedent establishes that Jones's challenge was timely. *See State v. Regenold*, 226 Ariz. 378, 379, ¶8 (2011) (sentence imposed in contested probation revocation proceeding is not entered pursuant to underlying plea agreement); *see also State v. Sullivan,* 205 Ariz. 285, 288, ¶ 15 (App. 2003) (court of appeals may not overrule, modify or disregard decisions of Arizona Supreme Court).

**¶7** The plea agreement recites that Jones pleaded guilty to "attempted child abuse, a class 3 felony and dangerous crime against children in the second degree, in viol. of A.R.S. secs. 13-3623(A) (B), 13-1001, 13-604.01, 13-701, 13-702, 13-801 and 13-812."[3] The crime to which he admitted, A.R.S. § 13-1001, was "in the second degree" because it was a preparatory offense.

**¶8** Jones contends that because he pleaded guilty to a class 3 felony, he was not subject to DCAC-enhanced sentencing. The State counters that Jones pleaded guilty "to attempted child abuse with a knowing or intentional mental state, and the law at the time expressly allowed for lifetime-probation sentences for that crime." We agree with the State.

**¶9** Section 13-3623(B) identifies three felony classifications based on the perpetrator's mental state for child abuse committed "[u]nder circumstances likely to produce death or serious physical injury":

1. If done intentionally or knowingly, the offense is a class 2 felony and if the victim is under fifteen years of age it is punishable pursuant to section 13-604.01.

2. If done recklessly, the offense is a class 3 felony.

---

[3] We cite the 1992 version of statutes because they were the statutes in effect at the time of the underlying offenses.

3. If done with criminal negligence, the offense is a class 4 felony.

Section 13-604.01, in turn, lists crimes that are DCAC offenses when "committed against a minor under fifteen years of age." A.R.S. § 13-604.01(K)(1). One such crime is "Child abuse as defined in § 13-3623, subsection B, paragraph 1." A.R.S. § 13-604.01(K)(1)(h). A person convicted of a DCAC in the second degree may be placed on probation "for any term up to the rest of the person's life." A.R.S. § 13-604.01(I).

**¶10** A completed violation of A.R.S. § 13-3623(B)(2) (reckless child abuse) would have resulted in a class 3 felony, and an attempted violation of (B)(2) would have been a class 4 felony. A.R.S. § 13-1001(C)(3) ("Attempt is a . . . . [c]lass 4 felony if the offense attempted is a class 3 felony."). As the State observes, Jones could only have committed attempted child abuse as a class 3 felony by attempting to commit knowing or intentional child abuse under subsection (B)(1).

**¶11** Although A.R.S. § 13-604.01 does not use the word "attempt," § 13-604.01(K)(1) specifies that a DCAC is "in the first degree if it is a completed offense and is in the second degree if it is a preparatory offense." Attempt is a preparatory offense. *State v. Newell*, 212 Ariz. 389, 405 n.13, ¶ 83 (2006). Preparatory conduct in furtherance of the crimes identified as DCAC in § 13-604.01(K) constitutes a DCAC offense. *State v. Peek*, 219 Ariz. 182, 183–85, ¶¶ 7–8, 19 (2008) (Holding that § 13-604.01 reference to preparatory crimes is "clear language subjecting attempt offenses" to its provisions, including designation and sentencing as DCAC, and noting that "[b]efore 1994, a person convicted of any second degree DCAC could be placed on lifetime probation."); *Wright v. Gates*, 240 Ariz. 525, 527, ¶ 11 (App. 2016) ("[N]one of the crimes specifically identified in A.R.S. § 13-604.01 are preparatory offenses. If we accept Wright's interpretation, the sections of the statute that reference preparatory offenses would be meaningless."); *State v. Carlisle*, 198 Ariz. 203, 207, ¶ 17 (App. 2000) ("The legislature specifically classified preparatory offenses such as attempt, other than attempted first degree murder, as dangerous crimes against children in the second degree provided the completed offense would have been a dangerous crime against children in the first degree.").

**¶12** Because Jones was convicted of a preparatory offense in furtherance of a DCAC crime, he was subject to lifetime probation.

## CONCLUSION

¶13     For the reasons stated, we affirm Jones's reinstatement to lifetime probation.

