IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

---

**DALE ALLEN WRIGHT,**
*Petitioner,*

*v.*

**THE HONORABLE PAMELA GATES, JUDGE OF THE SUPERIOR COURT OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA,**
*Respondent Judge,*

**STATE OF ARIZONA,**
*Real Party in Interest*

---

No. CR-16-0435-PR
Filed October 4, 2017

---

Appeal from the Superior Court in Maricopa County
The Honorable Pamela Gates, Judge
No. CR1992-003917
**REVERSED AND REMANDED**

Opinion of the Court of Appeals, Division One
240 Ariz. 525 (App. 2016)
**VACATED**

---

COUNSEL:

Bruce F. Peterson, Maricopa County Office of the Legal Advocate, Frances J. Gray (argued), Deputy Legal Advocate, Phoenix, Attorneys for Dale Allen Wright

William G. Montgomery, Maricopa County Attorney, Jeffrey R. Duvendack (argued), Deputy County Attorney, Phoenix, Attorneys for State of Arizona

Joel Feinman, Pima County Public Defender, Erin K. Sutherland (argued), Assistant Public Defender, Tucson, Attorneys for Amicus Curiae Pima County Public Defender's Office

---

CHIEF JUSTICE BALES authored the opinion of the Court, in which VICE CHIEF JUSTICE PELANDER and JUSTICES BRUTINEL, TIMMER, BOLICK, GOULD, and LOPEZ joined.

———————————

CHIEF JUSTICE BALES, opinion of the Court:

**¶1** We here consider whether enhanced sentences may be imposed under the dangerous crimes against children ("DCAC") statute in the absence of an actual child victim. Consistent with the text of A.R.S. § 13-705(P)(1), which defines a DCAC offense as one that is "committed against a minor who is under fifteen years of age," we hold that enhanced DCAC sentencing does not apply when a defendant commits a crime against a fictitious child.

**I.**

**¶2** In 1992, Dale Allen Wright spoke to a woman about allowing him to engage in sexual acts with her two young children. The woman was actually a postal inspector, and the children were fictitious. Wright pleaded guilty to two counts of solicitation to commit molestation of a child. Wright's crimes were classified as DCAC, and he was sentenced to lifetime probation on each count in accordance with the DCAC sentencing statute, then codified as A.R.S. § 13-604.01. Since Wright's sentencing, § 13-604.01 has been amended and renumbered as A.R.S. § 13-705. Because the relevant provisions remain the same, we refer to the current statute.

**¶3** In 2002, Wright's probation was revoked as to one count, and Wright was sentenced to ten years' imprisonment. Upon his release, Wright's lifetime probation on the second count was reinstated. In 2014, the State moved to revoke his probation. Wright moved to dismiss the DCAC designation and requested a delayed petition for post-conviction relief under Arizona Rule of Criminal Procedure 32. Without deciding the merits, the trial court denied Wright's request and ultimately reinstated Wright on probation.

**¶4** In 2015, the State again moved to revoke Wright's probation, and Wright again moved to dismiss the DCAC designation. When the court once more declined to hear his motion on the merits, Wright petitioned for special action relief in the court of appeals, requesting a remand for "consideration of the substantive issues." The court of appeals granted

relief. On remand, the trial court denied Wright's motion, finding that the crimes were properly designated as DCAC.

¶5        Wright again brought a special action in the court of appeals. A divided panel of that court upheld the trial court, ruling that DCAC sentencing applies to convictions for solicitation to commit molestation of a child when the victim is fictitious. *Wright v. Gates*, 240 Ariz. 525, 528 ¶¶ 14–15 (App. 2016). The dissenting judge would have granted relief, reasoning that "one cannot be convicted of soliciting another to commit molestation of a child in the absence of an actual child." *Id.* at 529 ¶ 20 (Johnsen, J., dissenting).

¶6        We granted review because application of the DCAC sentencing statute is a recurring issue of statewide importance. Wright sought Rule 32 relief only from the enhancement of his sentences, and he only petitioned for review with respect to the DCAC issues. Accordingly, we do not here address whether, as the dissenting appellate judge argued, solicitation to commit child molestation can be committed in violation of A.R.S. § 13-1002(A) when no actual child is involved. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.

¶7        "This case presents an issue of statutory interpretation, which we review de novo." *State v. Jurden*, 239 Ariz. 526, 528 ¶ 7 (2016). A statute's words are "given their ordinary meaning unless it appears from the context or otherwise that a different meaning is intended." *State v. Miller*, 100 Ariz. 288, 296 (1966).

¶8        Section 13-705(P)(1) identifies certain crimes, including child molestation, as DCAC when they are "committed against a minor who is under fifteen years of age." A DCAC offense "is in the first degree if it is a completed offense and is in the second degree if it is a preparatory offense." A.R.S. § 13-705(O).

**A.**

¶9          As a preliminary matter, we must determine whether solicitation to commit child molestation is a second-degree preparatory offense under A.R.S. § 13-705(O).  We conclude that it is.

¶10          Section 13-705(P) lists twenty-two offenses that qualify as DCAC if they are committed against a minor younger than fifteen, including child molestation.  The list of qualifying offenses does not itself refer to preparatory offenses.  Instead, § 13-705(O) states that a DCAC offense "is in the second degree if it is a preparatory offense."  Because § 13-705 does not itself define "preparatory offense," the phrase is best understood as referencing the offenses identified in Title 13, chapter 10 ("Preparatory Offenses") of the criminal code—attempt, solicitation, conspiracy, and facilitation, *see* A.R.S. §§ 13-1001 to -1006—if they involve one of the DCAC qualifying offenses listed in § 13-705(P).  This conclusion is supported by the fact that § 13-705(J), which specifies sentences for second-degree DCAC offenses, states that it applies "[n]otwithstanding chapter 10 of this title," thereby indicating that the offenses would otherwise be subject to chapter 10.

¶11          Wright argues that "preparatory offense" for purposes of DCAC only embraces conduct reflecting an "incomplete effort to commit one of the enumerated DCAC offenses."  Thus, a DCAC enhancement might apply to an attempt, *see* A.R.S. § 13-1001, but not to solicitation because that offense is completed with communication and cannot comprise "conduct in furtherance of a DCAC offense."  Such a narrow reading of "preparatory offense" is not tenable.  "As the name implies, a preparatory offense is committed in preparation for committing a completed crime."  *Mejak v. Granville*, 212 Ariz. 555, 558 ¶ 18 (2006).  Whether committed by communication or conduct, a preparatory offense, as provided in Title 13, chapter 10, in furtherance of an enumerated DCAC offense, is punishable under the DCAC statute.

¶12          Accordingly, we conclude that solicitation of an enumerated DCAC offense is a second-degree dangerous crime against children.

4

**B.**

**¶13**         We next turn to whether the DCAC sentencing statute applies to offenses when the victim is a fictitious child.  The statute defines a dangerous crime against children as any of the enumerated crimes "committed against a minor who is under fifteen years of age."  A.R.S. § 13-705(P)(1).  By referring to "a" minor who "is" under fifteen, the statute ostensibly refers to an actual person.  This reading comports with the legislature's general directive that unless a statute's context requires otherwise, "'[m]inor' means a person under the age of eighteen years." A.R.S. § 1-215(21).

**¶14**         In some cases, however, the context and history of a statute have compelled us to define "minor" differently.  *See State ex rel. Polk v. Campbell*, 239 Ariz. 405 (2016).  For example, in *Polk*, we examined the child prostitution sentencing provisions of A.R.S. § 13-3212 and concluded that, in that context, the legislature intended "minor" to include adult peace officers posing as minors.  *Id.* at 409 ¶ 17.  The child prostitution statute specified different felony classifications depending on how the offender committed child prostitution and whether the minor involved was younger or older than fifteen.  *Id.* at 407 ¶ 10.  Although the legislature simultaneously enacted a provision allowing convictions when the "minor" involved was in fact a peace officer posing as a minor, the legislature did not separately identify sentences for such offenses.  *Id.* at 407-08 ¶¶ 10-11. We concluded that "[i]t is implausible to infer that the legislature intended to exclude such violations [from the sentencing provisions of the child prostitution statute] while not otherwise identifying their punishment."  *Id.* at 408 ¶ 13.

**¶15**         But the statute here is unlike that in *Polk*.  The context and history of the DCAC statute do not support reading the phrase "minor who is under fifteen years of age" to include fictitious children.  First, the sentencing scheme of A.R.S. § 13-705 prescribes the greatest penalties when the victims are youngest and most vulnerable and the touching is most invasive, and the severity of punishment decreases where the victim is older or the touching is not completed. These graduated sanctions suggest that the legislature similarly intended less severe punishment when there is no actual child victim.  In that situation, the crime will be punished as the law generally provides rather than with an enhanced DCAC sentence.

¶16      Second, the legislative history supports applying § 13-705 by its terms, that is, when the victim in fact is "a minor who is under fifteen years of age."  The DCAC statute began as a Senate bill that described the law as "prescribing sentences for sexual offenses if children are victims," S.B. 1021, 37th Leg., 1st Reg. Sess. (Ariz. Jan. 1985), and the bill's sponsor explained that "[t]he concept behind these increased sentences is that the young people are scarred for life."  *Hearing on S.B. 1021 Before the S. Comm. on Judiciary*, 37th Leg., 1st Reg. Sess. 2 (Ariz. 1985) (statement of Sen. Kay, Chairman).  Thus, the purpose of the statute was to provide enhanced punishment for offenders who harmed actual — not fictitious — children.

¶17      Moreover, if the legislature intended to include fictitious children within the DCAC sentencing scheme, it would have included language such as "a person posing as a minor under the age of fifteen" in A.R.S. § 13-705(P)(1).  The legislature has done so when the distinction between actual and putative children is relevant.  For example, the child prostitution statute at issue in *Polk* uses the term "minor" to define how the offense is committed, but then provides that "[i]t is not a defense to a prosecution . . . that the other person is a peace officer posing as a minor or a person assisting a peace officer posing as a minor."  A.R.S. § 13-3212.

¶18      In sum, we conclude that A.R.S. § 13-705(P)(1) requires an actual child victim for DCAC enhanced sentences to apply to the enumerated offenses.

¶19      The court of appeals reached a different conclusion in *State v. Carlisle*, 198 Ariz. 203 (App. 2000), which upheld a DCAC enhanced sentence for a defendant convicted of attempted sexual conduct with a minor, even though the "minor" was an adult posing as a young boy.  In *Carlisle*, the court reasoned that because factual impossibility is not a defense to attempt, it is not a defense to DCAC enhancement under A.R.S. § 13-705.  *Id.* at 207-08 ¶ 17.  This argument, however, conflates the elements of a preparatory offense with the statutory conditions for imposing a DCAC enhanced sentence.  *Cf. State v. Williams*, 175 Ariz. 98, 102 (1993) (noting the need to distinguish between elements of offenses that may qualify as DCAC and additional conditions for imposing sentence enhancements).  Under subsection (P), enhancements only apply when the offense "is committed against a minor who is under fifteen years of age."  Because subsection (O) only authorizes enhanced sentences for DCAC offenses, even if the offense

is preparatory, it must have been committed against an actual child.  We thus overrule *Carlisle* insofar as it holds that DCAC sentencing may be imposed under A.R.S. § 13-705 when a defendant commits a crime against a fictitious child.

## III.

**¶20**        For the foregoing reasons, we vacate the opinion of the court of appeals, reverse the trial court's order denying Wright's request to dismiss the DCAC designation, and remand to the trial court for further proceedings consistent with this opinion.