370 P.3d 128

**Matthew KOBOLD,**
**Plaintiff/Counterdefendant/Appellee,**

**v.**

**AETNA LIFE INSURANCE COMPANY,**
**Third–Party Defendant/Appellant.**

**No. 1 CA–CV 12–0315.**

Court of Appeals of Arizona,
Division 1.

March 31, 2016.

---

Neil S. Sundeen Attorney at Law, By Neil S. Sundeen, Scottsdale, Co–Counsel for Plaintiff/Counterdefendant/Appellee.

Knapp & Roberts, P.C., By David L. Abney, Co–Counsel for Plaintiff/Counterdefendant/Appellee.

Lewis Roca Rothgerber Christie LLP, By John C. West, Phoenix, Co–Counsel for Third–Party Defendant/Appellant.

Gibson, Dunn & Crutcher LLP, By Miguel A. Estrada, Jonathan C. Bond, Washington, D.C., Co–Counsel for Third–Party Defendant/Appellant.

United States Attorney's Office, By Robert L. Miskell, Henry Charles Whitaker, Tucson, Counsel for Amicus Curiae United States of America.

Judge PETER B. SWANN delivered the opinion of the court, in which Presiding Judge PATRICIA A. OROZCO and Judge KENT E. CATTANI joined.

## OPINION

SWANN, Judge:

¶ 1 In *Kobold v. Aetna Life Ins. Co.*, 233 Ariz. 100, 309 P.3d 924 (App.2013) ("*Kobold I*"), we held that 5 U.S.C. § 8902(m)(1) of the Federal Employee Health Benefits Act ("FEHBA") did not preempt Arizona law forbidding subrogation in personal injury cases. After the Arizona Supreme Court denied review, the Office of Personnel Management ("OPM") promulgated new regulations, set forth in 5 C.F.R. § 890.106, that construe § 8902(m)(1) to include subrogation and reimbursement terms in FEHBA contracts. In light of the new regulations, the United States Supreme Court vacated our opinion and remanded the case for reconsideration of the preemptive effect of the FEHBA. *Aetna Life Ins. Co. v. Kobold,* —— U.S.

——, 135 S.Ct. 2886, 192 L.Ed.2d 918 (2015).[1] We hold that the statutory interpretation embodied in the new federal regulations is entitled to deference in accordance with *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), and, accordingly, we are bound to interpret the FEHBA as preempting Arizona anti-subrogation law. We therefore reverse the superior court's entry of summary judgment for Kobold, and remand with instructions to grant Aetna's cross-motion for summary judgment.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Kobold was injured in a motorcycle accident in 2006. Aetna paid Kobold's medical providers almost $25,000 for his treatment related to the accident. Kobold later recovered $145,000 in a settlement with the parties allegedly responsible for the accident.

¶ 3 Under the terms of the insurance plan, and contrary to Arizona law, Aetna was entitled to subrogation and reimbursement in the event that Kobold recovered from a responsible third party. Relying on these contractual provisions, Aetna asserted a lien on the settlement proceeds for the medical expenses it had paid. The alleged tortfeasors deposited the disputed portion of the settlement sum with the superior court, and filed an interpleader action against Kobold and Aetna.

¶ 4 Kobold and Aetna filed cross-motions for summary judgment in which they disputed whether § 8902(m)(1) applies to subrogation and reimbursement provisions. The superior court ruled that the question had been resolved in *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006), and granted summary judgment for Kobold. Aetna appealed.

¶ 5 Concluding that *McVeigh* had not in fact decided the issue, we affirmed based on our own interpretation of the statute. Applying principles of statutory construction, we held that subrogation and reimbursement

provisions do not fall within the scope of § 8902(m)(1). We rejected Aetna's argument that we were required to defer to a contrary interpretation set forth in a position letter sent from the OPM to FEHBA carriers, holding that the letter was not entitled to deference under *Chevron* or otherwise. We now reconsider the issue of § 8902(m)(1)'s reach in view of the new OPM regulations.

## DISCUSSION

¶ 6 Aetna and *amicus curiae* contend that the new regulations are entitled to *Chevron* deference and are dispositive. We agree.

■■■ ¶ 7 As an initial matter, the regulations are procedurally eligible for *Chevron* deference. "[A]dministrative implementation of a particular statutory provision qualifies for *Chevron* deference when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority," *U.S. v. Mead Corp.,* 533 U.S. 218, 226–27, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001), as the result of a formal adjudication or rule-making procedure, *Christensen v. Harris County,* 529 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000). The OPM is specifically tasked with "prescrib[ing] regulations necessary to carry out [the FEHBA]," 5 U.S.C. § 8913(a), and the regulations at issue here were the product of a formal notice-and-comment rule-making process.

■■ ¶ 8 The fact that the regulations postdate our decision in *Kobold I* does not deprive them of authority. An earlier judicial construction "trumps an agency construction otherwise entitled to *Chevron* deference only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion." *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.,*

---

1. In *Nevils v. Group Health Plan, Inc.,* the Missouri Supreme Court agreed with our decision in *Kobold I,* and held that the FEHBA did not preempt Missouri's anti-subrogation doctrine. 418 S.W.3d 451 (Mo.2014). The United States

Supreme Court similarly vacated and remanded that decision in the wake of the OPM's new regulations. *Coventry Health Care of Missouri, Inc. v. Nevils,* —— U.S. ——, 135 S.Ct. 2886, 192 L.Ed.2d 918 (2015).

545 U.S. 967, 982, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005); *see also Smiley v. Citibank (South Dakota), N.A.,* 517 U.S. 735, 740–41, 116 S.Ct. 1730, 135 L.Ed.2d 25 (1996). This is true even when the agency's interpretation of the same statutory language changes over time. *See Brand X,* 545 U.S. at 981, 125 S.Ct. 2688 ("Agency inconsistency is not a basis for declining to analyze the agency's interpretation under the *Chevron* framework."). In view of the Supreme Court's own recognition of the statute's ambiguity in *McVeigh,* 547 U.S. at 698, 126 S.Ct. 2121, it cannot be said that our interpretation in *Kobold I* was the product of such clear statutory language.

▮ ¶ 9 Further, the OPM regulations qualify substantively for *Chevron* deference. "[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron,* 467 U.S. at 843, 104 S.Ct. 2778. The relevant inquiry is whether the agency's interpretation is reasonable. *E.g., Mead,* 533 U.S. at 229, 121 S.Ct. 2164. The court must defer to an agency's reasonable interpretation even when the agency's interpretation is unwise or when it is not the *most* reasonable interpretation. *Id.; Entergy Corp. v. Riverkeeper, Inc.,* 556 U.S. 208, 218, 129 S.Ct. 1498, 173 L.Ed.2d 369 (2009). "Statutory ambiguities will be resolved, within the bounds of reasonable interpretation, not by the courts but by the administering agency." *City of Arlington v. F.C.C.,* —— U.S. ——, 133 S.Ct. 1863, 1868, —— L.Ed.2d —— (2013). *Chevron* deference therefore compels us to apply OPM's interpretation

even though we view the analysis of *Kobold I* and *Nevils* as more faithful to the text of the statute.

¶ 10 Section 8902(m)(1) provides that the terms of an FEHBA contract "which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans."[2] The statute does not directly reference reimbursement or subrogation provisions. Accordingly, as *McVeigh* recognized, the statute is susceptible to multiple "plausible constructions" with respect to whether it encompasses such provisions. 547 U.S. at 698, 126 S.Ct. 2121.[3]

¶ 11 The new regulations construe the statute expressly and expansively. The regulations provide that "[a]ny FEHBA carriers' right to pursue and receive subrogation and reimbursement recoveries constitutes a condition of and a limitation on the nature of benefits or benefit payments and on the provision of benefits under the plan's coverage," and that "[a] carrier's rights and responsibilities pertaining to subrogation and reimbursement under any FEHBA contract relate to the nature, provision, and extent of coverage or benefits (including payments with respect to benefits) within the meaning of 5 U.S.C. 8902(m)(1).... notwithstanding any state or local law, or any regulation issued thereunder, which relates to health insurance or plans." 5 C.F.R. § 890.106(b)(1), (h).

¶ 12 The regulations hinge upon a broad reading of § 8902(m)(1)'s use of the term "relate to." The regulations construe "relate to" to include connections beyond those that

---

**2.** Kobold briefly argues that § 8902(m)(1) is "probably unconstitutional" under the Supremacy Clause because it gives preemptive effect to contract terms rather than federal law. FEHBA contract terms are, however, circumscribed by the terms of the FEHBA and the standards prescribed by the OPM. *See* 5 U.S.C. § 8902. As relevant here, the OPM has now dictated that "[a]ll health benefit plan contracts shall provide that the Federal Employees Health Benefits (FEHB) carrier is entitled to pursue subrogation and reimbursement recoveries." 5 C.F.R. § 890.106(a).

**3.** Kobold contends that *McVeigh*'s recognition of multiple "plausible" constructions does not

equate to recognition of multiple "reasonable" constructions. We see no meaningful distinction between the quoted terms for purposes of the *Chevron* analysis. *See Rust v. Sullivan,* 500 U.S. 173, 184, 111 S.Ct. 1759, 114 L.Ed.2d 233 (1991) (holding that under *Chevron,* "[t]he Secretary's construction of Title X may not be disturbed as an abuse of discretion if it reflects a plausible construction of the plain language of the statute and does not otherwise conflict with Congress' expressed intent"). But even assuming that *McVeigh*'s dictum reflects a more tentative characterization of § 8902(m)(1)'s ambiguity, such expression would not foreclose the existence of multiple reasonable interpretations.

are direct and immediate. Though our interpretation in *Kobold I* differed, we cannot say that "relate to" may not reasonably be argued to include the relationship between an insured's receipt of benefit payments and an insurer's contractual right to effectively recall the payments by subrogation or reimbursement after the insured has been compensated by a third party. *Cf. Northwest, Inc. v. Ginsberg,* — U.S. ——, 134 S.Ct. 1422, 1428, 1430–31, 188 L.Ed.2d 538 (2014) (holding that "related to," as used in the Airline Deregulation Act's preemption provision, "expresses a 'broad pre-emptive purpose,'" and that its scope, defined as "related to a price, route, or service of an air carrier," included a claim seeking reinstatement in a frequent-flyer program that provided benefits such as mileage credits and upgrades (citation omitted)); *FMC Corp. v. Holliday,* 498 U.S. 52, 58, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990) (holding that "relate to," as used in the Employee Retirement Security Act's preemption provision, is used in a "broad sense" to include state anti-subrogation laws (citation omitted)). The connection between issuing benefit payments and seeking subrogation and reimbursement is not so attenuated as to make the regulations' interpretation unreasonable. We further recognize that the regulations' interpretation promotes uniform treatment of federal employees under FEHBA plans nationwide, and that one of the goals of § 8902(m)(1) is to assure uniformity of benefits and rates. H.R.Rep. No. 105–374 at 9 (1997); *see also Helfrich v. Blue Cross & Blue Shield Ass'n,* 804 F.3d 1090, 1099 (10th Cir.2015).

### CONCLUSION

¶ 13 In view of 5 C.F.R. § 890.106, we reverse the superior court's grant of summary judgment to Kobold. And because there is no genuine issue of material fact, we remand with instructions for the entry of summary judgment in favor of Aetna. *See Anderson v. Country Life Ins. Co.,* 180 Ariz. 625, 628, 886 P.2d 1381, 1384 (App.1994) (recognizing court of appeals' authority to vacate summary judgment for one party and enter it for another where the issues can be decided as a matter of law). We deny Kobold's request for attorney's fees and costs.