JONES, Judge,
dissenting:
¶ 19 The unambiguous language of a statute is not made ambiguous simply by virtue of its longstanding misapplication. In Arizona, persons owning range livestock are required to adopt and record a brand with the Arizona Department of Agriculture (the Department), which they may then affix to their livestock to provide evidence of ownership. A.R.S. §§ 3-1261(A), -1267(B), -1371(1), (4). Arizona Revised Statutes (A.R.S.) § 3-1261(B) unequivocally states, “[n]o two brands of the same design or figure shall be adopted or recorded.”
¶ 20 Here, the parties agree the bar seven brands issued by the Department to both Stambaugh and Eureka Springs are identical; Eureka Springs argues, however, its placement of the brand on the left rib rather than the left hip of its livestock makes the brand different in “design or figure” within the meaning of A.R.S. § 3-1261(B). The fact that other portions of A.R.S. § 3-1261 regulate the location of a brand does not modify the unambiguously plain and ordinary language of A.R.S. § 3-1261(B). See SFPP, L.P. v. Ariz. Dep’t of Revenue, 210 Ariz. 151, 155, ¶ 19, 108 P.3d 930 (App. 2005) (“When a term is undefined by the legislature, we strive to apply the plain and ordinary meaning of the words used unless a contrary intent is expressed by the legislature.”) (citing State v. Hoggatt, 199 Ariz. 440, 443, ¶ 8, 18 P.3d 1239 (App. 2001)). We look to an established, widely respected dictionary to deduce a word’s plain and ordinary meaning. See Sierra Tucson, Inc. v. Pima Cnty., 178 Ariz. 215, 219, 871 P.2d 762 (App. 1994) (citing State v. Wise, 137 Ariz. 468, 470, 671 P.2d 909 (1983)). The phrase “design or figure” excludes consideration of placement; both “design” and “figure” are defined to include only a pattern, shape, or pictorial representation. See The American Heritage Dictionary of the English Language 491, 656 (5th ed. 2011) (defining “design” as “a drawing or sketch,” “[a] graphic representation,” or “[a]n ornamental pattern”; and defining “figure” as “[a] writ *359 ten or printed symbol representing something other than a letter,” “[a] pictorial or sculptural representation,” or “[a]n illustration printed from an engraved plate or block”).
¶21 Those statutes regulating placement of the brand are not rendered meaningless by the exclusion of a brand’s location from the analysis of whether two brands are “of the same design or figure.” The requirement that a particular brand be placed in a specific location provides an additional measure of protection to the owner of the livestock by requiring, first, the application of a particular, unique design previously approved by and recorded with the Department, and second, that the particular, unique design be applied to the animal in a specific location.[7] The dual requirements also assist anyone seeking to identify the owner of livestock by directing him to a specific location for the evidence of ownership.
¶ 22 Additionally, although the Department is granted some discretion in determining whether brands are “of the same design or figure,” that discretion has been narrowly defined by the legislature. Specifically, the Department may exercise its discretion only to “reject and refuse to record a brand or mark similar to or conflicting with a previously adopted and recorded brand or mark.” A.R.S. § 3-1261(B). This limited discretion does not allow the Department to accept and record identical brands simply because they are to be placed in different locations. Instead, it only allows the Department to be more restrictive than otherwise stated, and reject brands that are not even necessarily “the same,” but merely “similar.”
¶ 23 The Department is not afforded deference where its implementation of legislative directives contravenes their clear language. See Ariz. Water Co. v. Ariz. Dep’t of Water Res., 208 Ariz. 147, 155, ¶ 31, 91 P.3d 990 (2004) (noting judicial deference is granted to an administrative agency’s interpretation of a statute where the “statutory language is ... not dispositive”); Kobold v. Aetna Life Ins., 239 Ariz. 259, 262, ¶ 9, 370 P.3d 128 (App. 2016) (noting an agency’s interpretation is granted deference only if “the statute is silent or ambiguous with respect to the specific issue” and “the agency’s interpretation is reasonable”) (first quoting Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); then citing United States v. Mead Corp., 533 U.S. 218, 229, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001)); Dewitt v. Magma Copper Co., 16 Ariz.App. 305, 308, 492 P.2d 1243 (1972) (holding a “prior [administrative] construction is not determinative [where] the statutes contain a sufficiently clear statement of legislative intent”). Indeed, “our deference to tradition cannot blind us to the fact” that, now that the Department’s practice has been challenged, it does not conform to the statute. Colonial Life, 184 Ariz. at 535, 911 P.2d 539; see also Golder v. Dep’t of Revenue, State Bd. of Tax Appeals, 123 Ariz. 260, 264, 599 P.2d 216 (1979) (“No case law exists, nor any logic which would support the perpetuation of faulty administrative proceedings merely for the sake of uniformity.”). Because the statutory language is plain and unambiguous, we must apply it as written. Tobel v. State, Ariz. Dep’t of Pub. Safety, 189 Ariz. 168, 174, 939 P.2d 801 (App. 1997) (quoting Chaparral Dev. v. RMED Int'l, Inc., 170 Ariz. 309, 311, 823 P.2d 1317 (App. 1991)). The Department’s contrary interpretation of an unambiguous statute, while long-held, is manifestly erroneous.
¶ 24 Under the plain and unambiguous language of A.R.S. § 3-1261(B), the Department did not have discretion to approve Eureka Springs’ brand—the bar seven—because its “design or figure” is identical to Stambaugh’s previously recorded bar seven brand. I have no doubt that both the Department and the cattle growers are capable of distinguishing between a cow with a bar seven branded on its left hip and a cow with a bar seven branded on its left rib. But that is *360 not the question presented here. The language of the statute simply does not permit the Department to issue the identical bar seven brand to two entities. And while everyone but Stambaugh may be comfortable with a course of practice at odds with the language of the statute, it is solely within the purview of the legislature, rather than the courts, to correct the discord between the language of the statute and its longstanding, but inappropriate, application.
¶ 25 The Department has violated the clear and unambiguous language of A.R.S. § 3-1261(B) by approving Eureka Springs’ application for a bar seven brand identical to that previously approved and recorded for Stam-baugh’s use. I would reverse the order of the superior court and direct the entry of judgment in favor of Stambaugh.

. For this reason, I disagree with the majority's assertion that its interpretation furthers the purpose of Arizona’s livestock branding statutes— "to identify ownership of livestock and thereby help prevent their theft." See supra ¶14. The majority merges two separate and meaningful components of livestock identification—the unique brand and its specific location—and then ultimately disregards the requirement that the brands be unique to the owners, leaving only the location of the brand to fulfill the statutes’ purpose.