392 P.3d 506

**ARIZONA CANNABIS NURSES ASSOCIATION, Plaintiff/Appellant,**

v.

**ARIZONA DEPARTMENT OF HEALTH SERVICES; Dr. Cara Christ, in her official capacity as Director of ADHS, Defendants/Appellees.**

No. 1 CA–CV 15–0638

Court of Appeals of Arizona, Division 1.

FILED 3/16/2017

Ken Sobel, San Diego, CA, Counsel for Plaintiff/Appellant

Sherman & Howard L.L.C., Phoenix, By Gregory W. Falls, Matthew A. Hesketh, Counsel for Defendants/Appellees

Presiding Judge Samuel A. Thumma delivered the opinion of the Court, in which Judge Randall M. Howe and Judge Maurice Portley joined.[1]

**OPINION**

THUMMA, Judge:

¶ 1 The Arizona Cannabis Nurses Association (AZCNA) filed a petition with the Arizona Department of Health Services (DHS) to add Post–Traumatic Stress Disorder (PTSD) to the list of debilitating medical conditions under the Arizona Medical Marijuana Act (AMMA). *See* Ariz. Rev. Stat. (A.R.S.) §§ 36–2801 through –2819 (2017).[2] DHS granted the petition, subject to certain conditions. After unsuccessfully challenging those conditions in superior court, AZCNA now appeals to this court. Because AZCNA has shown no error, the decision is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶ 2 Approved as a voter initiative in November 2010, *see State v. Okun*, 231 Ariz. 462, 464 ¶ 4, 296 P.3d 998 (App. 2013), the AMMA's " 'purpose . . . is to protect patients with debilitating medical conditions, as well as their physicians and providers, from arrest and prosecution, criminal and other penalties and property forfeiture if such patients engage in the medical use of marijuana,' " *State v. Gear*, 239 Ariz. 343, 345 ¶ 11, 372 P.3d 287 (2016) (citation omitted). The AMMA allows the regulated use of "marijuana to treat or alleviate a registered qualifying patient's debilitating medical condition or symptoms associated with" such a condition. A.R.S. § 36–2801(9). Under the AMMA, "debilitating medical condition" means either (1) specifically enumerated medical conditions or diseases or their treatment, A.R.S. § 36–2801(3)(a), or (2) chronic or debilitating diseases or medical conditions or their treatment that produce "one or more" specified symptoms, A.R.S. § 36–2801(3)(b). The AMMA has a process for DHS to add "[a]ny other medical condition or its treatment" as a debilitating medical condition. A.R.S. § 36–2801(3)(c).

¶ 3 "The public may petition" DHS "to add debilitating medical conditions or treatments to the list of debilitating medical conditions." A.R.S. § 36–2801.01. DHS is required to "approve or deny [such] a petition within one-hundred-eighty days of its submission," and such action is a final DHS decision subject to

---

1. The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

2. Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

judicial review. A.R.S. § 36–2801.01; *see also* Ariz. Admin. Code (A.A.C.) R9–17–106.

¶ 4 In mid–2013, AZCNA filed a petition with DHS to add PTSD as a debilitating medical condition. The petition contained required information, including "the availability of conventional medical treatments" for PTSD and "[a] summary of the evidence that the use of marijuana will provide therapeutic [meaning healing] or palliative [meaning symptom relief] benefit" for PTSD. A.A.C. R9–17–106(A)(5 & 6); *see also Carbajal v. Indus. Comm'n of Ariz.*, 223 Ariz. 1, 4 ¶ 16 n.2, 219 P.3d 211 (2009) (noting palliative use manages "symptoms or mitigat[es] the effects" of illness or injury). After a public hearing and receiving public comments, DHS denied the petition.

¶ 5 AZCNA challenged that denial administratively. That challenge was assigned to an Administrative Law Judge (ALJ), designated by the Office of Administrative Hearings, to receive evidence and prepare a recommended decision for DHS to consider. *See* A.R.S. §§ 41–1092.08(A) & (B). The ALJ presided over a several-day evidentiary hearing, where AZCNA presented evidence largely addressing whether marijuana use was palliative but not whether it was therapeutic. The ALJ's June 2014 recommended decision found that "[t]he preponderance of the evidence shows that marijuana use provides a palliative benefit to those suffering from PTSD." The ALJ recommended that PTSD be added as a debilitating medical condition.

¶ 6 DHS' July 2014 final decision adopted the ALJ's recommended decision as amended. DHS granted AZCNA's petition, adding PTSD "to the list of debilitating [medical] conditions for which marijuana may be dispensed" under the AMMA. DHS conditioned such use, however, by requiring that a physician's written certification "for the medical use of marijuana for" PTSD (1) "be specifically limited to palliative, non-therapeutic

use" and (2) "include an attestation that the patient is participating in conventional treatment for" PTSD (collectively, the Conditions). The Conditions are the focus of this appeal.[3]

¶ 7 AZCNA appealed to the superior court, arguing DHS lacked the authority to require the Conditions and that they violated the constitutional rights of individuals with PTSD. After briefing and oral argument, the court rejected AZCNA's arguments and affirmed DHS' final decision. This court has jurisdiction over AZCNA's timely appeal of the superior court's decision pursuant to A.R.S. §§ 12–913,[4] –2101(A)(1) and –120.21(A)(1).

## DISCUSSION

### I. AZCNA Has Shown No Error.

#### A. Standard Of Review.

¶ 8 AZCNA argues the Conditions imposed by DHS violated: (1) Arizona's Voter Protection Act, Article 4, Section 1, of the Arizona Constitution (VPA) and A.R.S. § 36–114; (2) DHS' statutory authority and (3) PTSD patients' equal protection rights. This court is asked to address whether DHS' final decision was "illegal, arbitrary, capricious or involved an abuse of discretion." *Eaton v. AHCCCS*, 206 Ariz. 430, 432 ¶ 7, 79 P.3d 1044 (App. 2003). "An agency decision is not arbitrary and capricious if it is supported by substantial evidence." *WildEarth Guardians, Inc. v. Hickman*, 233 Ariz. 50, 53 ¶ 7, 308 P.3d 1201 (App. 2013). This court will not reweigh the evidence, *St. Joseph's Hosp. v. AHCCCS*, 185 Ariz. 309, 312, 916 P.2d 499 (App. 1996), and reviews questions of law de novo, *Webb v. State ex. rel. Arizona Bd. of Medical Examiners*, 202 Ariz. 555, 557 ¶ 7, 48 P.3d 505 (App. 2002). Although this court determines whether DHS has properly interpreted the relevant law, DHS' interpretation of applicable statutes and regulations " 'is

---

**3.** Although AZCNA challenges the January 1, 2015 implementation date of DHS' final decision, because that date passed long ago, the argument is moot. *See Hormel v. Maricopa County*, 224 Ariz. 454, 460 ¶ 25, 232 P.3d 768 (App. 2010).

**4.** Notwithstanding its reference to "the supreme court," A.R.S. § 12–913 "has been construed as also allowing an appeal to the court of appeals, which was created after § 12–913 was enacted." *Svendsen v. Ariz. Dept. of Transp., Motor Vehicle Div.*, 234 Ariz. 528, 533 ¶ 13, 323 P.3d 1179 (App. 2014).

entitled to great weight.'" *Scottsdale Health-care Inc. v. AHCCCS*, 206 Ariz. 1, 8 ¶ 27, 75 P.3d 91 (2003) (citation omitted); *accord Ariz. Water Co. v. Ariz. Dep't Water Resources*, 208 Ariz. 147, 154 ¶ 30, 91 P.3d 990 (2004) (noting, where Legislature "has not spoken" on issue, "'considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer.' In such cases, 'a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency.'") (citations omitted). With these standards in mind, the court addresses AZCNA's arguments in turn.[5]

## B. AZCNA Is Not Aggrieved By The "Palliative, Non-Therapeutic Use" Condition.

■ ¶ 9 AZCNA argues DHS lacked authority "to distinguish between a therapeutic or palliative benefit" of medical marijuana, meaning the condition that a physician's written certification "be specifically limited to palliative, non-therapeutic use" is invalid. AZCNA's pre-hearing brief filed with the ALJ admitted that no significant evidence showed that marijuana use is therapeutic for PTSD, arguing instead that evidence showed that marijuana use provides palliative benefits for PTSD. Consistent with AZCNA's position and the evidence received, the ALJ's proposed decision found "[t]he preponderance of the evidence shows that marijuana use provides a palliative benefit to those suffering from PTSD," not that such use provided a therapeutic benefit. And DHS construed AZCNA's petition as a request to "add palliative treatment of [PTSD] as a debilitating medical condition" under the AMMA. Consistent with this view, even while challenging the limitation on appeal, AZCNA

concedes that "[t]here is no cure" of any kind for PTSD.

¶ 10 AZCNA has not shown that DHS construed its petition erroneously or that the evidence received could support a finding that marijuana use properly could be deemed therapeutic for PTSD. AZCNA asked DHS to add PTSD to the list of debilitating medical conditions, claiming marijuana use has a palliative effect for PTSD. DHS granted that request. Thus, AZCNA has not shown how it was aggrieved by the "palliative, non-therapeutic" condition. *See, e.g., Kondaur Capital Corp. v. Pinal County*, 235 Ariz. 189, 192 ¶ 6, 330 P.3d 379 (App. 2014) ("an appellant is only entitled to appeal from '"that part of the judgment by which [it] is aggrieved"'") (citation omitted); *Chambers v. United Farm Workers Org. Comm., AFL–CIO*, 25 Ariz. App. 104, 107, 541 P.2d 567 (1975) ("[a] court's ruling which is favorable to a party may not be appealed by that party").

## C. The Conditions Do Not Violate The VPA Or A.R.S. § 36–114.

■ ¶ 11 AZCNA baldly argues that requiring a physician's written certification to include an "attestation that the patient is participating in conventional treatment for" PTSD constitutes an attempt by DHS "to modify a statutory provision" in violation of the VPA. This argument is unavailing. The VPA limits the power of the Governor and the Legislature to amend or veto initiatives approved by Arizona voters. *See* Ariz. Const. art. 4, § 1. Although AZCNA asserts DHS is attempting to "change the requirements imposed by a statute," it has done no such thing. The AMMA does not prohibit DHS from imposing restrictions or conditions on the use of medical marijuana for the treatment of a medical condition added to the list of debilitating medical conditions. *See* A.R.S.

---

5. For various factual propositions, AZCNA's opening brief improperly and extensively relies on a March 2015 brief in an unrelated case filed nearly a year after DHS' final decision. *See Lovitch v. Indus. Comm'n of Ariz.*, 202 Ariz. 102, 105 ¶ 15, 41 P.3d 640 (App. 2002) ("[this court] cannot consider evidence not presented to the ALJ"). AZCNA's opening brief also lists legal issues without supporting authority, which this court will not address. *See Watahomigie v. Ariz. Bd. of*

*Water Quality Appeals*, 181 Ariz. 20, 26, 887 P.2d 550 (App. 1994). Finally, AZCNA has not provided a transcript from the evidentiary hearing before the ALJ, meaning this court presumes the testimony supports DHS' final decision. *See, e.g., Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 102 ¶ 21, 158 P.3d 225 (App. 2007); *Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764 (App. 1995).

§ 36–2801(3)(c). AZCNA has not shown the Conditions violate the VPA.

¶ 12 AZCNA similarly argues that the conventional treatment condition violates the prohibition against DHS "impos[ing] on any person against his will any mode of treatment." A.R.S. § 36–114. AZCNA argues that imposing a condition requiring traditional treatment as a prerequisite is the same as requiring treatment against a person's will.[6] AZCNA, however, provides no authority supporting this proposition. Nor has AZCNA shown how its reliance on *Anderson v. State*, 135 Ariz. 578, 663 P.2d 570 (App. 1982)—which it admits addressed "a 'forced treatment' situation where an attempt is made to force the patient to submit to psychotropics in a non-emergency, voluntary committal, situation"—supports its argument. DHS is not forcing any person to undergo any sort of medical treatment. Accordingly, A.R.S. § 36–114 is not implicated. Moreover, AZCNA's argument that the conventional treatment condition requires a veteran to seek such treatment through the United States Veterans Administration is not supported by the record. And AZCNA has not shown that DHS' actions were contrary to its statutory mandate to "[p]rotect the health of the people of the state." A.R.S. § 36–132(A)(1). On this record, AZCNA has not shown the Conditions violate A.R.S. § 36–114.

### D. DHS Had The Authority To Impose The Conditions.

¶ 13 The core of AZCNA's appeal is an argument that "[n]either the statute nor the rule anywhere provide" DHS the authority to require the Conditions, regardless of the underlying facts. The premise of this argument is that DHS could not grant AZCNA's petition subject to any condition whatsoever but, instead, could only approve or deny the petition as submitted. The statutory authority relied upon by AZCNA for this proposition states that DHS "shall consider petitions in the manner required by department rule, including public notice and hearing. [DHS] shall approve or deny a petition within one-hundred-eighty days of its submission." A.R.S. § 36–2801.01. This, AZCNA argues, means DHS could not grant a petition subject to any condition of any type.[7]

¶ 14 Contrary to AZCNA's argument, the focus of A.R.S. § 36–2801.01 is a requirement that DHS act on a petition within 180 days of its filing, not the form that DHS' action should take. This focus is furthered by the related statutory directive that "[t]he approval or denial of a petition is a final decision of" DHS subject to judicial review. A.R.S. § 36–2801.01. Indeed, AZCNA cites no authority supporting its view that A.R.S. § 36–2801.01 directs DHS to grant or deny a petition, but do nothing else. Arizona law on agency action is to the contrary.

¶ 15 The Legislature is not required to expressly set forth all authority granted to an agency. *Longbridge Inv. Co. v. Moore*, 23 Ariz.App. 353, 356, 533 P.2d 564 (1975). "[I]t is the law of this state that an agency may" take such action "which may be reasonably implied from 'a consideration of the statutory scheme as a whole.'" *Id.* (citation omitted); *see also Hospital Corp. of Northwest, Inc. v. Ariz. Dept. of Health Services*, 195 Ariz. 383, 386 ¶ 13, 988 P.2d 168 (App. 1999) (rejecting argument DHS lacked regulatory authority over paramedics in hospital setting because no statute expressly authorized such authority; "[i]f the [L]egislature had intended to provide DHS only limited authority, it could easily have done so"). If

---

6. Referring to prescription drugs, AZCNA asserted in oral argument before this court that conventional treatments were dangerous and even deadly. However, DHS' September 2014 Substantive Policy Statement makes it clear that conventional treatment does not require prescription drugs and could, depending on the individual, consist solely of counseling, participation in support groups or prescription medication.

7. AZCNA argues "the same rationale" used by a New Mexico state trial court in an unpublished decision should apply here. *See Kieve v. New Mexico Dep't of Health*, D 101–CV–2014–00140 (N.M. 1st Dist. Ct. Apr. 29, 2015), https://www.scribd.com/doc/263778533/MedicalMarijuana Ruling-pdf#fullscreen&from_embed. Even if properly citable, *Kieve* is not precedential. *See* Ariz. R. Sup. Ct. 111(c)(1)(C). Nor is it persuasive, particularly because New Mexico required PTSD patients to *exhaust all* standard treatments before being able to use medical marijuana, *Kieve* at 21, which DHS' final decision clearly does not require.

a statute is silent on a specific issue, "[t]he relevant inquiry is whether the agency's interpretation is reasonable.... 'Statutory ambiguities will be resolved, within the bounds of reasonable interpretation, not by the courts but by the administering agency.'" *Kobold v. Aetna Life Ins. Co*, 239 Ariz. 259, 262 ¶ 9, 370 P.3d 128 (App. 2016) (quoting *City of Arlington, Tex. v. F.C.C.*, 569 U.S. 290, 133 S.Ct. 1863, 1867–68, 185 L.Ed.2d 941 (2013)).

¶ 16 AZCNA has not shown that DHS lacked the authority to consider the unique risks and potential benefits surrounding the use of medical marijuana to treat PTSD as a debilitating medical condition. This court "will indulge all rational presumptions in favor of the validity of the administrative action" and will "not invalidate such action unless its provisions cannot, by any reasonable construction, be interpreted in harmony with the legislative mandate." *Watahomigie v. Ariz. Bd. of Water Quality Appeals*, 181 Ariz. 20, 25, 887 P.2d 550 (App. 1994). AZCNA failed to show the Conditions DHS imposed are not based on substantial evidence or not reasonable and adequately related to the AMMA's purpose. *See Grove v. Ariz. Criminal Intelligence Sys. Agency*, 143 Ariz. 166, 169, 692 P.2d 1015 (App. 1984) (agency action must be reasonable and adequately related to purpose of applicable statute). This is particularly so given the relief sought in AZCNA's petition and the record presented.

## II. The Conditions Do Not Violate The Equal Protection Rights Of Individuals With PTSD.

¶ 17 AZCNA argues the Conditions violate the equal protection rights of individuals with PTSD by "transparently discriminat[ing] against a PTSD patient versus any other patient suffering from another listed debilitating condition." In pressing this argument, AZCNA "bears the burden of overcoming" the "strong presumption supporting the constitutionality of ... an administrative regulation." *Watahomigie*, 181 Ariz. at 27, 887 P.2d 550. Moreover, equal protection is not violated "if all persons within a class are treated alike." *Id.*

¶ 18 The Conditions treat all individuals with PTSD similarly. AZCNA has not shown how requiring different treatments for different medical conditions is an equal protection violation. Nor has AZCNA shown that all individuals with PTSD have a right to use medical marijuana without DHS' regulation of such use. *See, e.g., Carnohan v. United States*, 616 F.2d 1120, 1122 (9th Cir. 1980) ("Constitutional rights of privacy and personal liberty do not give individuals the right to obtain [medication] free of the lawful exercise of government police power."). On this record, AZCNA has not shown the Conditions violate PTSD patients' equal protection rights.

## CONCLUSION

¶ 19 The decision is affirmed. Because AZCNA is not the prevailing party, its request for attorneys' fees and costs on appeal pursuant to A.R.S. § 12–348(A)(2) is denied.