IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOSHUA TREE HEALTH CENTER, LLC, et al., *Plaintiffs/Appellants*,

*v.*

STATE OF ARIZONA, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0427
FILED 5-9-2023

Appeal from the Superior Court in Maricopa County
No. CV2020-004281
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Wilenchik & Bartness, P.C., Phoenix
By Dennis I. Wilenchik, Ross P. Meyer
*Counsel for Plaintiffs/Appellants*

Sherman & Howard L.L.C., Phoenix
By Gregory W. Falls, Matthew A. Hesketh, Jake Tyler Rapp
*Counsel for Defendants/Appellees*

---

**OPINION**

---

Vice Chief Judge David B. Gass delivered the opinion of the court, in which Judges Brian Y. Furuya and Samuel A. Thumma joined.

---

**G A S S**, Vice Chief Judge:

¶1 Four nonprofit entities (Joshua Tree Health Center, LLC; Cactus Wren Health Center, LLC; Saguaro Health Center, LLC; and Desert Tortoise Health Center, LLC (the health centers)), appeal the superior court's grant of summary judgment for three state defendants (State of Arizona, the Arizona Department of Health Services (the Department), and the Department's Director, Don Herrington). We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 In 2010, Arizona voters passed the Arizona Medical Marijuana Act (the Act), authorizing the Department to administer a medical marijuana program. *White Mountain Health Ctr., Inc. v. Maricopa Cnty.*, 241 Ariz. 230, 233 ¶ 3 (App. 2016). Under the Act, a nonprofit entity seeking to operate a dispensary must properly apply for and obtain a dispensary registration certificate from the Department. A.R.S. § 36-2804.A. The Act prohibits the Department from issuing more than one certificate for every ten registered and permitted pharmacies in Arizona with one exception—the Department may exceed the 1:10 limit if a qualified applicant properly applies for a certificate in a county without a dispensary, sometimes called an empty county. A.R.S. § 36-2804.C; *Saguaro Healing, LLC v. State*, 249 Ariz. 362, 365 ¶ 17 (2020).

¶3 The Department established rules regulating the certificate allocation process. *See, e.g.*, Ariz. Admin. Code R9-17-303 (2020) (Rule 303). Rule 303(A) directs the Department to review current certificates "[e]ach calendar year" to "determine if the Department may issue additional dispensary registration certificates" under A.R.S. § 36-2804.C. *See also Saguaro Healing*, 249 Ariz. at 365–66 ¶ 20. If the annual review reveals either a dispensary-to-pharmacy ratio of less than 1:10 or an empty county exists, the Department must open an application period. *Id.* at 366 ¶ 22. The

Department also must return applications and fees submitted outside an application period. Rule 303(F).[1]

¶4   From 2017 to 2021, the Department neither reviewed certificates nor opened an application period. In 2019, three of the health centers applied to open dispensaries in three empty counties: La Paz, Apache, and Santa Cruz. In 2020, these three health centers again applied to open dispensaries in these three counties, this time joined by the fourth health center, which applied to open a dispensary in empty Greenlee County. The health centers, however, did not submit these applications within an application period. As a result, the Department returned their applications and fees.

¶5   In 2020, the health centers filed a complaint seeking a declaratory judgment and mandamus relief, including an order "compelling" the Department to accept and process their 2019 and 2020 applications. The health centers argued the Act requires the Department to "issue a . . . certificate to a qualified applicant if [the Department] may issue a [certificate]."

¶6   The parties cross-moved for summary judgment based on stipulated facts. The Department argued mandamus relief was inappropriate because, under Rule 303(F), the Department could accept applications only during an application period. In granting summary judgment for the Department, the superior court noted the health centers "may validly complain that the Department has been derelict in its duties by failing to conduct a necessary review of dispensaries in each county and open the application process." Even so, the superior court found the health centers had "no legal basis" to insist the Department substantively review the applications they filed outside an application period.

¶7   This court has jurisdiction over the health centers' timely appeal under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and -2101.A.1. The health centers abandoned their declaratory relief claims on appeal but continue to press for mandamus relief.

---

[1]  In January 2021, the Department made changes, not relevant here, that led to re-lettering subsection (E) as subsection (F). This opinion uses the current letter to avoid confusion. Additionally, this court recognizes, and the Department confirmed during oral argument, an internal reference error in Rule 303(F). The rule should reference subsection (A), not (B).

### ANALYSIS

**¶8** Summary judgment is appropriate when "no genuine dispute as to any material fact" exists and "the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a); *see also Orme Sch. v. Reeves*, 166 Ariz. 301, 305 (1990). "This court reviews a grant of summary judgment *de novo*, viewing the facts and reasonable inferences in the light most favorable to the party opposing the motion and will affirm for any reason supported by the record, even if not explicitly considered by the superior court." *CK Fam. Irrevocable Tr. No. 1 v. My Home Grp. Real Est. LLC*, 249 Ariz. 506, 508 ¶ 6 (App. 2020) (as amended).

**I.**  **The Department acted within its rulemaking authority under the Act when it established the application process under Rule 303, including when it accepts and rejects applications.**

**¶9** For the first time on appeal, the health centers argue the Department exceeded its rulemaking authority under the Act when it adopted Rule 303. The health centers alternatively argue the Department "must accept an application" outside the Rule 303 application window when an empty county exists.

**¶10** The Department argues the health centers waived any challenge to the validity of Rule 303 because they stipulated to Rule 303's notice provisions and recognized the Department must comply with the Act and its own rules. To avoid waiver, a party generally must timely present legal theories to the superior court to give it a chance to rule. *Contreras Farms Ltd. LLC v. City of Phoenix*, 247 Ariz. 485, 489 ¶ 13 (App. 2019).

**¶11** During oral argument before this court, the health centers cited several places where they allegedly contested the Department's rulemaking authority in superior court. Those citations, however, refer to arguments about whether the Department's rules track the Act. They do not question the Department's authority to adopt rules regulating when the Department may accept applications. The health centers, thus, did not timely present any challenges to the Department's authority to adopt Rule 303 to the superior court. *See id.*; *Hess v. Purcell*, 229 Ariz. 250, 254 ¶ 18 (parties waive undeveloped arguments). Even so, we exercise our discretion to address the health center's arguments on the merits. *See Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ 18 (App. 2007).

**¶12** Agencies may establish rules "for the complete operation and enforcement of legislation." *Shelby Sch. v. Ariz. State Bd. of Educ.*, 192 Ariz.

156, 165 ¶ 35 (App. 1998) (quoting *Boyce v. City of Scottsdale*, 157 Ariz. 265, 268 (App. 1988)). The Legislature need not "expressly set forth all authority granted to an agency." *Ariz. Cannabis Nurses Ass'n v. Ariz. Dep't of Health Servs.*, 242 Ariz. 62, 67 ¶ 15 (App. 2017). A statute's silence on an issue does not mean the agency lacks authority to act. *Id.* Rather, an agency can take actions "reasonably implied" from the "statutory scheme as a whole." *Id.* (quoting *Longbridge Inv. Co. v. Moore*, 23 Ariz. 353, 356 (App. 1975)).

¶13        Under that statutory scheme, the Department has broad rulemaking authority, including authority to implement procedural rules such as Rule 303. The Department "must enact rules to implement and administer" the Act. *Saguaro Healing*, 249 Ariz. at 363 ¶ 2. And the Department "may make and amend rules necessary for the proper administration and enforcement of the laws relating to the public health." A.R.S. § 36-136.G. Under the Act, the Department also must "adopt rules . . . [g]overning [dispensaries] to protect against diversion and theft without imposing an undue burden on [dispensaries] . . . including[] [t]he manner in which the department considers applications for and renewals of registration certificates." A.R.S. § 36-2803.A.4(a).

¶14        The Department must address those issues through rules. The Department, thus, has authority to establish rules for when the Department will invite new applications and when it will reject them to ensure the Department complies with the 1:10 limit and empty county provisions. *See* A.R.S. § 36-2804.C. The Department decided: (1) it would not invite applications during time frames where it could not possibly issue any certificates; (2) it would review certificate registrations annually; (3) after its annual review, if it could award additional certificates, it would open the application period timely; and (4) how it would prioritize awards when it has multiple qualified applicants. *See* Rule 303. These rules are reasonable under the Act, which requires the Department to "enact rules to implement and administer the [A]ct." *Saguaro Healing*, 249 Ariz. at 363 ¶ 2.

¶15        The health centers argue the Act leaves the Department no discretion to determine when it accepts applications because it must comply with the 1:10 limit and empty county provisions. At bottom, the health centers argue the Department must accept applications any time these circumstances occur. The health centers do not explain why this reading would render the 1:10 limit and empty county provisions meaningless, and we find no reason supporting their contention. *See Mejak v. Granville*, 212 Ariz. 555, 557 ¶ 9 (2006) (holding courts must interpret statutes "so that no provision is rendered meaningless, insignificant, or void"). And a rolling application process could unduly burden nonprofit

dispensaries by requiring them to keep track of registered pharmacies and empty counties rather than rely on the Department to announce it is accepting applications. Establishing rules regulating when the Department may accept applications, thus, avoids placing an undue burden on dispensaries.

**¶16** The health centers also argue the phrase "to protect against diversion and theft" in A.R.S. § 36-2803.A.4(a) limits the Department's authority to control the application process for those purposes alone. But nothing in the Act does so. Rather, the Act specifies rules the Department must make to implement the Act *in addition to* rules it makes under its broad rulemaking authority generally. Requiring the Department to "protect against diversion and theft without imposing an undue burden on nonprofit medical marijuana dispensaries" does not prohibit it from establishing an application period. *See* A.R.S. § 36-2803.A.4(a).

**¶17** For these reasons, the Department had the authority under the Act to establish rules regulating when to accept applications. Rule 303, thus, complies with the Act, and the health centers have not shown Rule 303 is invalid. The health centers have, however, shown the Department failed to follow its rules by not reviewing certificates from 2017 to 2021. The next question then becomes whether mandamus relief is appropriate as a remedy for that failure.

## II.    Mandamus relief is inappropriate.

**¶18** The health centers, under a theory of mandamus relief, ask this court to order the Department to accept and review their 2019 and 2020 applications. The health centers argue mandamus is appropriate because they have "a clear right to" such relief, the Department "had a legal duty to" accept and review these applications, and no other adequate remedy exists. *See Sines v. Holden*, 89 Ariz. 207, 209 (1961). The Department argues mandamus relief is inappropriate because the health centers had no clear right to the requested relief because the Department has no discretion to accept applications outside an application period. And the health centers concede the Department must follow the Act and its own rules.

**¶19** The Arizona Supreme Court has recognized mandamus relief is "an extraordinary remedy . . . to compel a public officer to perform an act which the law specifically imposes as a duty." *Bd. of Educ. v. Scottsdale Educ. Ass'n*, 109 Ariz. 342, 344 (1973); *see also* A.R.S. § 12-2021. Mandamus relief is inappropriate if the applicable statute is silent on an issue, or the public officer has discretion in addressing the issue. *See, e.g., Ponderosa Fire Dist. v.*

6

*Coconino Cnty.*, 235 Ariz. 597, 603 ¶ 30 (App. 2014) (affirming denial of mandamus relief and refusing to broaden the statute beyond its express terms); *Sensing v. Harris*, 217 Ariz. 261, 264 ¶ 6 (App. 2007) (affirming denial of mandamus relief because mandamus relief is generally not appropriate for discretionary decisions).

**¶20** The issue before us is whether the Act and the Rules impose a duty on the Department to accept applications outside the application period. Indeed, whether mandamus relief would be appropriate if the Department failed to open an application period under Rule 303 is not before us. The Act did not require the Department to accept the health centers' applications in 2019 and 2020. As a result, the health centers have shown no basis for their requested mandamus relief. *See Ponderosa Fire Dist.*, 235 Ariz. at 601 ¶ 19 (holding mandamus relief is appropriate only when a law specifically requires a public officer to act). On this record, the health centers have shown no error in the superior court granting the Department summary judgment on their claim for mandamus relief.

## CONCLUSION

**¶21** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA